CITY OF COLUMBUS, APPELLEE, *v.* VOYLES, APPELLANT.

(No. 72AP-57—Decided June 13, 1972.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Daniel W. Johnson* and *Mr. Carl T. Wolfrom,* for appellee.
*Mr. William W. Lamkin,* for appellant.

REILLY, J. This is an appeal from an order of the Franklin County Municipal Court overruling defendant's motion to be tried by the court without a jury after a jury was waived.

Defendant, appellant herein, was tried for resisting and obstructing a police officer while in the discharge of his official duties. The jury was unable to reach a verdict at the conclusion of the evidence. This situation was conveyed to the trial judge in open court. He carefully inquired as to the possibility of reaching a verdict, and the record shows that the jury appeared hopelessly deadlocked. Consequently, he excused the jury.

Thereafter, defendant, by counsel, attempted to sub-

mit the case to the court. The trial court ruled that he did not have authority to decide the case after it had become known the jury was deadlocked; whereupon, appellant pursued this appeal and asserted the following assignment of error:

"The trial court erred as a matter of law when it failed to sustain the defendant's motion to have her tried by the court without a jury, after said jury had declared itself to be hopelessly deadlocked and unable to reach a decision."

The following quotation from the record is determinative in this case:

"And thereupon, after the jury was excused, the following occurred:

"The court: The jury being hopelessly deadlocked, we will consider this matter a hung jury and it will be up to both counsel to determine when and if this matter is to be tried again.

"Mr. Lamkin: All right. Your Honor, before the Court declares a mistrial, as I indicated before, we *were considering* submitting the question of fact to the Court. And I have consulted my client and she says that she does want the Court to decide the case. She wants your Honor to decide the question of fact in this case as to her guilt or innocence. [Emphasis added.]

"The court: Legally, can I accept that responsibility once the jury has been discharged?

"I want to check some law just for a moment to determine whether I do have the authority to do that. I don't know.

"(The Court leaves the courtroom for a short time and returns.)

"The court: With all due respect, Mr. Lamkin, to your client's position in the case, I feel that I do not have the authority to—once I have—excuse me. Once a jury demand is made and the jury is duly empaneled and sworn, there is no question that the defendant has the right at any time up and to the very moment that a jury comes—either comes back with a verdict or announces that it is

deadlocked, that I—if the request is made, that I can—a jury may be waived and the case submitted to a court. But, as you know, in the sequence here—and I don't think that —and although I know that you raised the matter as soon as you found out that the jury was hung, or at least there was a possibility—but I think once that fact is known, then the court cannot automatically take over and put itself in the position as a jury.

"Mr. Lamkin: Your Honor, would you let the record reflect that this matter was discussed with the court before the jury was discharged, though?

"The court: Yes.

"Mr. Lamkin: And I did attempt to submit the matter to the court through my conversation with you—that was not on the record—before they were discharged.

"Mr. Wolfrom: Yes, but—

"The court: Yes. Mr. Wolfrom?

"Mr. Wolfrom: It's my understanding, though, that this was conditional, only if the jury came back hung. That was my understanding.

"Mr. Lamkin: After we found out it was hung. This is true."

The basic principle is that a jury can be waived any time before it becomes known that it is deadlocked. The trial court can decide the case before it becomes known that there is reasonable doubt in the minds of the jury. And, manifestly, if there was not reasonable doubt, the jury would not be deadlocked.

Furthermore, this court has held, in the syllabus of *Winters* v. *Alvis, Warden* (1958), 106 Ohio App. 423, that:

"The provision of Section 2945.05, Revised Code, that in a criminal case a waiver by the defendant of a trial by jury shall be in writing and signed by him is mandatory."

Thus, even if defendant had not waited until it was plain the jury could not agree, the motion was not made in accordance with the statutory mandate.

In any event, R. C. 2505.02 defines a final order as "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment."

In determining whether an order is final, two criteria are involved: the order must affect a substantial right, and it must determine the action and prevent a judgment in favor of the party seeking review. Note *State* v. *Roberts* (1957), 106 Ohio App. 30, at page 31. The trial judge's ruling does not prevent a judgment in defendant's favor; hence, it was not a final order.

At the close of defendant's brief, counsel requests an order finding that defendant has now once been in jeopardy in this case. We note R. C. 2945.36, to wit:

"The trial court may discharge a jury without prejudice to the prosecution:

"* * *

"(B) Because there is no probability of such jurors agreeing * * *."

In sum, the heart of the matter is that a jury cannot be waived after it becomes known that it was deadlocked. Therefore, for that reason, along with our findings upon the foregoing issues raised by counsel, the judgment of the trial court is affirmed.

*Judgment affirmed.*

TROOP, P. J., and HOLMES, J., concur.