## State v. Springer
[Cite as 8 AOA 13]

Case No. C-890703
Hamilton County, (1st)
Decided December 26, 1990

Arthur M. Ney, Jr., Prosecuting Attorney, and David C. Prem, 411 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellee.

Edward O. Keller, 7051 Colerain Avenue, Cincinnati, Ohio 45239, for Defendant-Appellant.

Per Curiam.

Appellant Mark Springer appeals from the judgment entered upon a jury's verdict finding him guilty of murder as a lesser-included offense of death-eligible aggravated murder; aggravated robbery; aggravated burglary; and death-eligible aggravated murder (two counts, with each accompanied by specifications that he was the principal offender in a homicide that took place when he was also committing aggravated robbery and aggravated burglary). Springer claims the trial judge erred when he

dismissed the jury and imposed sentence himself after the jury was unable to make a unanimous recommendation on a sentence for the two counts of death-eligible aggravated murder.

Springer received concurrent sentences for the three homicide offenses:

fifteen years to life, for murder, and life with no parole until after thirty years, for each of the aggravated murders. Springer also received consecutive sentences of ten (actual) to twenty-five years for the aggravated burglary and the aggravated robbery, which were to be served upon completion of the homicide sentences.

Springer asserts that the trial court erred when it imposed the life sentences with no possibility of parole until after thirty years on the two counts of aggravated murder because the sentences exceeded the minimum statutory sentence available, life with no parole until after twenty years. Because the jury deadlock in the penalty phase of the trial prevented the rendition of a complete verdict by the jury as required by R.C. 2929.03 and *State v. Penix* (1987), 32 Ohio St. 3d 369, 513 N.E.2d 744, we hold that a mistrial of the two aggravated-murder counts should have been declared. We therefore reverse the judgment in part and remand the cause for further proceedings.

The charges brought against Springer concern the death of Rebecca Benton by a severe beating sometime around November 18, 1988. In the guilt phase of the bifurcated trial, the jury found Springer guilty as he stood charged, except for the finding of guilt on the lesser-included offense of murder with respect to the third count of death-eligible-aggravated murder. After the verdict had been returned in the guilt phase the jury proceeded to hear evidence in the penalty phase of the trial to determine whether the aggravating circumstances of the aggravated murders outweighed the mitigating factors presented by Springer. The jury was instructed on the law concerning the penalty phase, and its deliberations began at noon on September 13, 1989.

The jury retired for the evening at 6:00 p.m., and its deliberations resumed the next morning. At 3:40 p.m., the court received a note from the jury indicating that it was unable to reach a verdict. At that time, the court gave the jury a supplementary instruction similar to that approved in *State v. Howard* (1989), 42 Ohio St. 3d 18, 537 N.E.2d 188, and the jury resumed its deliberations for approximately two more hours

before adjourning for the evening. The following day, after forty minutes of deliberations, the jury inquired whether it was obligated to consider a life sentence if it could not reach a unanimous recommendation on the death sentence. The question was answered in the affirmative.

Almost an hour later, the jury was again seated in the courtroom, and the court responded to another question. The inquiry concerned why a juror was required to change his position to comport with the requirement that a recommendation of sentence be unanimous when the court had also given an instruction that "a juror should not surrender honest conviction in order to be congenial or to reach a verdict solely because of the opinion of other jurors." Before rereading the instructions in question, the court noted to the jury that "when in dealing with human affairs, problems of life must be reconciled between give and take." T.p. 1651. One-half hour later, the jury again reported that it was deadlocked. The judge reread the charge concerning the recommendation of sentence and returned the jury to deliberate for an additional fifteen minutes. At 1:40 p.m., the court asked the jury foreman whether additional time would help resolve the deadlock and, after receiving a negative response, excused the jury. The jury had deliberated over fifteen hours. The trial judge later imposed the life sentences described above.

In his sole assignment of error, Springer claims that the trial court erred when it imposed sentences of life imprisonment with no parole until after thirty years for the aggravated-murder convictions. Springer argues that the trial judge was limited to imposing only the minimum sentence allowed by law, a life sentence with no parole until after twenty years of imprisonment, because, in the absence of a specific statutory provision to be applied in these circumstances, the penalty provisions of the Ohio Revised Code must be strictly construed against the state and in favor of the defendant pursuant to R.C. 2901.04.

We agree with Springer that no provision has been made by the Ohio legislature for a jury deadlock during the penalty phase of a capital case. R.C. 2929.03(D)(2) explicitly requires the trial jury to find "unanimously *** by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors" before it recommends a death

sentence to the court. The Supreme Court of Ohio has also determined that a jury's verdict must be unanimous in recommending a sentence of life imprisonment under R.C. 2929.03(D) (2). *State v. Jenkins* (1984), 15 Ohio St. 3d 164, 473 N.E.2d 264, certiorari denied *sub nom. Jenkins v. Ohio* (1985), 472 U.S. 1032, 105 S. Ct. 3514.

A trial judge may impose a sentence under R.C. 2929.03 independent of a jury's recommendation only in two statutorily enumerated circumstances:

(1) where a jury recommends a death sentence and the court does not find by proof beyond a reasonable doubt that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, or

(2) where the offender raises the matter of age at trial pursuant to R.C. 2929.023, is found guilty of aggravated murder, and is not found. at trial to have been eighteen years of age or older at the time of the offense. Neither circumstance applies to the case before us.

Following an appeal involving the vacation of a death sentence and a remand for resentencing, a trial judge is also given authority to impose a sentence independent of a jury's recommendation under R.C. 2929.06. The statute permits a trial judge to impose a life sentence with no parole until after either twenty or thirty years of imprisonment under such circumstances for one of three reasons:

(1) the reviewing court is unable to affirm the death sentence under its proportionality review or its independent weighing of aggravating circumstances and mitigating factors under R.C. 2929.05(A);

(2) the statutory sentencing procedure is determined to be unconstitutional; or

(3) the sentence is vacated because the offender was not eighteen years of age at the time of the offense.

The Supreme Court of Ohio has also applied R.C. 2929.06 in instances where a case is remanded to the trial court following the vacation of a death sentence because an error occurred in the penalty phase of a capital case, and allowed the trial judge to impose either of the life sentences under R.C. 2929.06 without the recommendation of the trial jury. *State v. Penix* (1987), 32 Ohio St. 3d 369, 513 N.E.2d 744. See, also, *State v. Huertas* (1990), 51 Ohio St. 3d 22, 553 N.E.2d 1058; *State v. Denson* (1988), 40 Ohio St. 3d 30, 531 N.E.2d 674; *State v. Holloway* (1988), 38 Ohio St. 3d 239, 527

N.E.2d 831; *State v. Zuranski* (1987), 32 Ohio St. 3d 379, 513 N.E.2d 753. Justice Holmes's dissents in *Penix, supra* at 376, 513 N.E.2d at 750, and *Denson, supra* at 31, 531 NE.2d at 675, point out that the situation involving a sentence vacated because error occurred in the penalty phase was not included among the three situations enumerated by the Ohio legislature in R.C. 2929.06, and that application of the resentencing procedure of that statute is a judicial extension of the statute's scope. We cannot, however, further extend application of R.C. 2929.06 to situations such as the one before us where there is no death sentence recommended by a jury to be vacated on appeal. We cannot analogize the jury deadlock in this case to an error occurring in the penalty phase without running afoul of the admonition of the majority opinion in *Penix, supra* at 373, 513 N.E.2d at 748, that where "there is no statutory authority [applicable to the situation before us], we may not create such a procedure out of whole cloth."

Finding no express or implied provision by the Ohio legislature for a procedure to be followed by a trial court in the event a jury is deadlocked during the penalty phase of a bifurcated trial, we must now determine whether it was proper for the trial court to render its own sentence after discharging the jury. We hold that the imposition of sentence was improper, and that a mistrial should have been declared as to both the guilt and penalty phases of the aggravated-murder counts.

In either a jury trial or a trial before a panel of three judges, the Ohio legislature intended that the same trier of fact make determinations of both guilt and punishment. In a jury trial, R.C.2929.03 contemplates a bifurcated trial procedure before the same jury. *State v. Penix, supra*, at 373, 513 N.E.2d at 748. Where a defendant waives a trial by jury in a capital case, R.C. 2929.03 provides that a three-judge panel shall determine both the defendant's guilt and his punishment. See *State v. Davis* (1988), 38 Ohio St. 3d 361, 528 N.E.2d 925, certiorari denied *sub nom. Davis v. Ohio* (1989), 488 U.S. 1034, 109 S. Ct. 849. In such a trial, the same panel must make both determinations, even following an appeal and remand for resentencing, unless, perhaps, a vacancy on the panel due to disability has been filled pursuant to Crim. R. 25(B). *Id.* at 374, 528 N.E.2d at 938 (Holmes, J., dissenting).

In most cases, it is possible to distinguish between the verdict of the jury, which normally consists only of a determination of guilt, and a defendant's conviction, which consists of both a determination of guilt and a sentence and is the predicate of any appeal. Crim. R. 32(B); *State v. Chamberlain* (1964), 177 Ohio St. 104, 202 N.E.2d 695; *State v. Poindexter* (Dec. 12, 1986), Hamilton App. No. C-850394, unreported. See, also, *Witherspoon v. Illinois* (1968), 391 U.S. 510, 522, n. 21, 88 S. Ct. 1770, 1777, n. 21 (referring to defendant's "sentence," which was reversed, and defendant's "conviction," which was not affected by an error in jury selection in a capital case). In the unusual posture of this case, however, we are unable to distinguish between the jury's determination of guilt and its inability to recommend a sentence, or to limit our reversal of the case to that portion of the bifurcated procedure in which the problem occurred. If we were to attempt to limit our holding in such a manner, we would inevitably require a second trier of fact, either the trial judge, a three-judge panel or a jury different from the one that determined Springer's guilt, to determine his punishment. We may not require such a result in contravention of the Ohio legislature and R.C. 2929.03.

Because the trial judge determined within his discretion that there was no probability of the jurors agreeing, he was authorized by R.C. 2945.36 to discharge them without prejudice to the prosecution. Having discharged the jury, the trial judge lacked authority to proceed to sentencing himself. The only alternative available to the trial judge was a declaration of a mistrial as to the two aggravated-murder counts on the ground of "manifest necessity." See *Illinois v. Somerville* (1973), 410 U.S. 458, 93 S. Ct. 1066; *City of Columbus v. Voyles* (1972), 32 Ohio App. 2d 309, 291 N.E.2d 536. We, therefore, must reverse the trial court's entry of conviction on both counts of aggravated murder and remand this cause for a new trial on those two counts only.

In support of the trial court's imposition of sentence below, the state urges that Springer waived any error committed below by failing to object to the trial court's discharge of the jury until a sentence was imposed by the trial judge. In response to this assertion, we note first that Springer does not assign the discharge of the jury as error. It is, instead, the imposition of a sentence in excess of the statutory minimum of which Springer complains, an asserted error that did not occur until sentence was imposed by the trial judge. Second, even if we assume that Springer's arguments are addressed to the earlier point in the procedure, any prejudice to him could not have resulted until the greater sentence was imposed. See Crim. R. 52(A). We cannot place upon him the burden of foreseeing prejudice before it occurred.

The state makes a further argument that Springer suffered no prejudice from any error of the trial court when it imposed the greater sentence because Springer received consecutive sentences of fifteen years to life for the murder conviction, and of ten (actual) to twenty-five years for each of the aggravated-burglary and aggravated-robbery convictions. The state claims that the aggregate minimum length of these sentences would in any event exceed the minimum length of the disputed sentences. It argues that the provision of R.C. 2929.41(E)(1) which limits the consecutive terms of imprisonment to be served to twenty years when one of the terms is for murder does not apply when, as in this case, one of the terms is also for aggravated murder. The state's argument that Springer suffered no prejudice is without merit, however, because the sentences for aggravated burglary and aggravated robbery are to be served consecutively to the greater of the three homicide sentences. Any reduction of the time Springer would have to serve for the aggravated-murder convictions before becoming eligible for parole could result in a reduction of the total time he would have to serve.

For all of the reasons stated above, we reverse the judgment of the trial court as to the second and third aggravated-murder counts and remand this cause for further proceedings in accordance with this decision and the law. In all other respects, the trial court's judgment is affirmed.

KLUSMEIER, P.J., HILDEBRANDT and GORMAN, J.J.