The State of Ohio, Appellee, *v.* Fife, Jr., Appellant.

(No. 1130—Decided May 5, 1954.)

*Mr. James K. Leedy,* prosecuting attorney, for appellee.
*Mr. Jay E. Lehman,* for appellant.

Doyle, P. J.   Fulton B. Fife, Jr., was convicted in the Common Pleas Court of Wayne County of violating the provisions of Section 2907.21, Revised Code (larceny by trick), and is now serving a sentence in the penitentiary.   From the judgment of conviction, he has appealed to this court, and assigns various grounds of error, which he asserts require a reversal of the judgment.

The record has been studied, and we find no error *assigned* which would justify a reversal.   However, this court, in its examination of the record of trial during the oral argument of counsel. discovered the fact that compliance with Section 2945.05, Revised Code, was neglected, in that the defendant did not sign a written waiver relinquishing his "right to a trial by jury."   As to whether a noncompliance with this section, under

the circumstances of the case, requires a reversal of the judgment, we now direct our attention.

The record shows the following proceedings at the beginning of the trial:

"The Court: It has been agreed by and between the state of Ohio and the defendant that the case shall be heard by the court without intervention of a jury. The jury is waived in this case?

"Mr. Lehman (counsel for defendant): That is correct.

"Mr. Fife (the defendant): That is right.

"Mr. Leedy (prosecuting attorney): That's right."

Section 2945.05, Revised Code, provides:

"In all criminal cases pending in courts of record in this state, the defendant *may waive a trial by jury* and be tried by the court without a jury. *Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.* It shall be entitled in the court and cause, and in substance as follows: 'I .............., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a judge of the court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

"Such waiver of trial by jury *must* be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial." (Emphasis ours.)

Section 2945.06, Revised Code, provides, in so far as pertinent:

"In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under Section 2945.05 of the Revised Code, any judge of the court in which such cause is pending shall proceed to hear, try, and determine such cause in accordance with the rules and in like manner as if such cause were being tried before a jury." (Emphasis ours.)

The above statutes are *in pari materia* and regulate not only the procedure, but the jurisdiction of the trial court.

Article IV, Section 4, of the Constitution of Ohio, provides

that: "The jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law." Sections 2945.05 and 2945.06, Revised Code, fix the law which gives jurisdiction to a Common Pleas judge to try a felony case in the absence of a jury.

"* * * The definition and punishment of crimes and the method of criminal procedure are those and only those sanctioned by the state, and are embodied in its criminal legislation. Since the judge had only such jurisdiction as given him by law, he was required to follow the mandate of the statute." *State* v. *Smith,* 123 Ohio St., 237, at p. 241, 174 N. E., 768.

The case now before us involves, as stated, the jurisdiction of the court to try the issues. Jurisdiction attached to try the defendant without a jury *only* through a compliance with the statute requiring a written waiver, signed by the defendant, filed in the cause, and made a part of the record. See: *State* v. *Smith, supra*; *State, ex rel. Warner,* v. *Baer,* 103 Ohio St., 585, 134 N. E., 786; *State, ex rel. Christopher,* v. *Amrine, Supt.,* 59 Ohio Law Abs., 295, 94 N. E. (2d), 204.

Questions involving the jurisdiction of a court to hear and determine a cause need not, of necessity, be included in assignments of error. It is the duty of a reviewing court to raise the question *sua sponte* if the question of jurisdiction appears on the face of the record.

Reference is made to the case of *Patton* v. *United States,* 281 U. S., 276, 74 L. Ed., 854, 50 S. Ct., 253, 70 A. L. R., 263, for a brilliant analysis of the law treating the right to trial by jury and the privilege of waiving such right under the law.

*Judgment reversed and cause remanded.*

STEVENS and HUNSICKER, JJ., concur.