WINTERS, Petitioner, v. ALVIS, as Warden et, Respondents.

Ohio Appeals Tenth District, Franklin County.

No. 5895. Decided April 15, 1958.

Harry F. Winters, Columbus, for himself.
William Saxbe, Atty. Genl., William M. Vance, Asst. Atty. Genl., Columbus, for respondents.

### OPINION

By PETREE, PJ.

This is a petition for a writ of habeas corpus wherein the petitioner claims he is being held in illegal custody by respondents as a result of a conviction, on February 14, 1957, of being an habitual criminal, in the Court of Common Pleas of Champaign County, Ohio, thereafter being sentenced to a term for life in case No. 5980.

The journal entry of the court recites as follows, beginning with the second sentence:

"Defendant having appeared in court with counsel and having waived a jury, the trial was had to the court."

The petitioner appeared in court and testified that he did not waive a jury or sign a waiver. Petitioner's March 24, 1958, rebuttal memo has been considered.

Sec. 2945.05 R. C., not only requires that the waiver shall be in writing, but substantially sets out the form in which it shall be written.

The petitioner exhibited to the court a letter from Clerk O. R. Outram of the Common Pleas Court of Champaign County in answer to a request made by the petitioner for a certified copy of the written waiver if any could be found in the records of said court. Clerk O. R. Outram, in answer to his inquiry for a certified copy, replied, "No waiver of jury." The petitioner had forwarded a sum of money for the fee for certification of the copy of the waiver.

Decision on this case was postponed until the Assistant Attorney General, Mr. William M. Vance, could have an opportunity to check the appearance docket to see whether or not a written waiver had been filed and listed thereon. His inquiry showed that "The appearance docket shows no filing of such waiver." Furthermore, he stated that "The records show no formal waiver of jury trial signed by defendant as required by §2945.05 R. C." Mr. Vance further explained that the

trial judge recalls no written waiver, but states that a jury was waived in open court, and the case was heard without objection.

In view of the above state of the record, we feel that the statute is mandatory and that said trial was a nullity. See **State v. Fife, 100 Oh Ap 550**, wherein the Court of Appeals of Wayne County arrives at the same conclusion as we have.

The petition will be remanded to the Common Pleas Court of Champaign County, Ohio, for further proceedings according to law. The petitioner was informed in court that should he be successful in obtaining his writ in this case, he would lose the time which he has served in the penitentiary towards any new sentence which the court might give in the event he is again convicted. Petitioner said he understood that matter and still wished to urge his case.

The entry in this case will be held a reasonable time to permit notice to the Common Pleas Court of Champaign County, to give said court an opportunity to arrange for the return of the petitioner to Champaign County for trial:

The writ will be allowed.

BRYANT and MILLER, JJ, concur.