THE STATE OF OHIO, APPELLEE, *v.* McCOY, APPELLANT.

(No. 10723—Decided April 7, 1969.)

Mr. *Melvin G. Rueger* and Mr. *Donald Montfort,* for appellee.

Mr. *Pierce E. Cunningham,* for appellant.

SHANNON, P. J. This is an appeal on questions of law from the Court of Common Pleas for Hamilton County.

The facts and sequence of events are not in dispute and an exposition of them is necessary to an understanding of our resolution of the issue.

Defendant was indicted for a violation of R. C. 4511.-181 (homicide by vehicle in the first degree), and upon arraignment entered a plea of not guilty.

The bill of exceptions discloses that some weeks later, on June 25, 1968, the defendant, with retained counsel, appeared before the court below, retracted his plea of not guilty, and entered a plea of guilty to the charge in the indictment. He was sentenced to pay a fine and his driving rights were suspended for six months. A ten day stay of execution was granted. However, the transcript of the docket and journal entries and the original papers before us disclose that no entry was made of the change of plea, sentence or stay of execution.

Three days later, on June 28, 1968, the defendant and his counsel were again before the court and defendant was granted leave to "withdraw his plea on the 25th day of June, 1968, which plea was guilty as charged and enter a plea with the [sic] permission, by leave of court, of not guilty." Then, it was stipulated by defendant that the facts recited to the court on June 25th were to be accepted as the facts in the case and they were spread again before the court by the prosecutor. No evidence was offered by the defendant. The court found defendant guilty as charged, sentenced him to be confined in the Cincinnati Workhouse for thirty days, imposed a fine and suspended his driving rights for six months.

Immediately, counsel for the defendant "asked" for a dismissal on the basis that his client "had been put to the defense twice" and "sentenced twice." The court instructed him to file his motion in writing and stayed execution of sentence pending its determination. The finding of guilt, sentence, and order staying execution were set forth in entries which were journalized.

On July 26, 1968, a plea of once in jeopardy on former conviction was filed. On August 12, 1968, a motion for a new trial was filed.

On September 25, 1968, the motion for a new trial was

overruled and on September 30, 1968, the court overruled the plea of "once in jeopardy."

Rather than to unravel this "Gordian Knot" laboriously, let us sever it cleanly in this fashion.

R. C. 2945.05, after providing that trial by jury may be waived, requires, in part, that:

"Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof."

This provision was interpreted in *State* v. *Fife,* 100 Ohio App. 550, where paragraph one of the syllabus states:

"The constitutional right to a jury of one on trial for a felony may be waived on condition only that such waiver be in writing, signed by the defendant, filed in the cause, and made a part of the record."

There, defendant orally waived trial by jury. In the case at bar, no waiver, oral or written, was made.

Consequently, the court below had no authority to hear and determine the issues even though the facts were stipulated. R. C. 2945.06 limits the court's jurisdiction to hear, try, and determine cases without a jury to those in which the right to trial by jury has been waived in harmony with R. C. 2945.05.

All that occurred on June 25, 1968, is a nullity because nothing was made a part of the record. Therefore, on June 28, 1968, the original plea of not guilty was yet of record and the "withdrawal" of the "plea of guilty" was superfluous.

While it is apparent that the trial judge was literally bending over backwards in his efforts to treat the defendant fairly, we are constrained to conclude that he exceeded his jurisdiction as fixed by law and the finding of guilt of the crime alleged in the indictment must be reversed.

However, it is equally apparent that the defendant never has been in jeopardy.

Therefore, this cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

HILDEBRANT and HESS, JJ., concur.