THE STATE EX REL. JACKSON, APPELLANT, *v.* DALLMAN, WARDEN, APPELLEE.

[Cite as *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261.]

(No. 94–528—Submitted July 27, 1994—Decided September 14, 1994.)

*Theodore R. Jackson, Jr., pro se.*

---

*Per Curiam.* Jackson essentially argues in his propositions of law that the court of appeals erred in denying him habeas corpus relief. The court of appeals determined that Jackson was not entitled to release from prison because:

"The evidence submitted to this court demonstrates petitioner in fact signed a written jury waiver. Although respondent has been unable to produce the actual written waiver petitioner signed, we are confident the trial court complied with R.C. 2945.05. * * * "

R.C. 2945.05 provides:

"In all criminal cases pending in the courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. *Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.* * * *" (Emphasis added.)

Even in petty offense cases where a defendant properly demands a jury trial, "it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury." *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, syllabus. See, also, *Lima v. Rambo* (1960), 113 Ohio App. 158, 17 O.O.2d 133, 177 N.E.2d 554. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. *State v. Jells* (1990), 53 Ohio St.3d 22, 26, 559 N.E.2d 464, 468. There must be strict compliance with R.C. 2945.05 for there to be a waiver of a right to a jury trial; where the record does not reflect strict compliance, the trial court is without jurisdiction to try the defendant without a jury. *State v. Tate, supra.* See, also, *State v. Harris* (1991), 73 Ohio App.3d 57, 596 N.E.2d 563; *State v. Anderson* (Jan. 27, 1992), Fayette App. No. CA91–02–003, unreported, 1992 WL 12614.

In the case *sub judice,* Jackson contends in part that the court of appeals erred in considering the *ex parte* affidavit of the prosecuting attorney and uncertified attachments to determine that Jackson signed a written jury trial waiver. Assuming, *arguendo,* that the affidavit and attachments were properly before the court of appeals, there was still no evidence that the written waiver form was ever filed and made a part of the record in Jackson's criminal case. Therefore, the common pleas court did not comply with R.C. 2945.05, and it lacked jurisdiction to subsequently try and convict Jackson. *State v. Tate, supra.*

The writ of habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate legal remedy. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. By far the most common situation in which habeas corpus relief is available is when the sentencing court patently and unambiguously lacked jurisdiction. R.C. 2725.05. This is the situation here. The court of appeals erred in denying Jackson's petition for a writ of habeas corpus.

We note that our reversing the court of appeals, granting the writ and discharging Jackson from prison does not preclude the common pleas court from trying Jackson again on the robbery charge (with a jury, unless he waives it, and there is strict compliance with R.C. 2945.05).

Accordingly, the judgment of the court of appeals is reversed, and the writ of habeas corpus is granted.

*Judgment reversed*
*and writ granted.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., dissents.