[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 658.]

THE STATE EX REL. LARKINS, APPELLEE, *v.* BAKER, WARDEN, APPELLANT.

[Cite as *State ex rel. Larkins v. Baker*, 1995-Ohio-144.]

*Criminal law—Failure of trial court to comply with R.C. 2945.05—Habeas corpus—Writ will not lie where criminal defendant has waived right to a jury trial by executing a written waiver, where waiver is handed to trial judge and placed in court's file, but is not file stamped.*

(No. 95-278—Submitted June 21, 1995—Decided September 6, 1995.)

APPEAL from the Court of Appeals for Richland County, No. 94 CA 83.

————————

{¶ 1} In October 1986, following a bench trial in the Cuyahoga County Court of Common Pleas, the trial judge found appellee, Ronald Larkins, guilty of aggravated murder, aggravated robbery, and attempted murder. The trial court sentenced Larkins to life imprisonment among other things. In October 1994, Larkins filed a petition for a writ of habeas corpus in the Court of Appeals for Richland County, naming appellant, Dennis A. Baker, Warden of the Mansfield Correctional Institution, as respondent. Larkins claimed the trial court lacked jurisdiction to conduct his bench trial because Larkin's written waiver of his right to a jury trial was never filed or made a part of the case record.

{¶ 2} The parties stipulated to the following pertinent facts. Prior to the start of Larkins's bench trial, he executed a written waiver of his right to a jury trial in open court and handed the written waiver to the trial judge. Although the executed written waiver was physically located in the case file, it did not bear any file stamp by the clerk of the common pleas court indicating that it had been filed. The docket sheets of Larkins's criminal case did not indicate that any jury trial waiver had been filed. It was the judge's normal practice to receive the executed jury trial waiver and place it in the case file. In October 1986, the common pleas

court filed an entry stating that Larkins had waived, in writing, his right to trial by jury.

**{¶ 3}** On January 18, 1995, the court of appeals granted Larkins a writ of habeas corpus. The court of appeals determined that the trial court had failed to strictly comply with R.C. 2945.05, since there was no evidence that the written waiver form was ever filed and made part of the record in Larkins's criminal case.

**{¶ 4}** The cause is now before this court upon an appeal as of right.

_____

*David H. Bodiker*, Ohio Public Defender, *Kort Gatterdam* and *David Hanson*, Assistant Public Defenders, for appellee.

*Betty D. Montgomery*, Attorney General, and *Charles L. Wille*, Assistant Attorney General, for appellant.

_____

**PFEIFER, J.**

**{¶ 5}** We determine today that a writ of habeas corpus will not lie where a criminal defendant has waived his right to a jury trial by executing a written waiver, where the waiver is handed to the trial judge and placed in the court's case file, but is not file stamped. A writ of habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate legal remedy. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29. A most common situation in which habeas corpus relief is available is when the sentencing court lacks jurisdiction. R.C. 2725.05.

**{¶ 6}** The pertinent statutory provisions provide:

R.C. 2945.05:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. *Such waiver by a defendant, shall be* in writing, signed by the defendant, and *filed in said cause and made a part of the record thereof. \*\*\**" (Emphasis added.)

2

R.C. 2945.06:

"*In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code*, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. ***" (Emphasis added.)

{¶ 7} In the absence of strict compliance with R.C. 2945.05 to waive the right to a jury trial, we have held that the trial court is without jurisdiction to conduct a bench trial of the defendant. *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563; *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, syllabus. See, also, *State v. Harris* (1991), 73 Ohio App.3d 57, 596 N.E.2d 563. In *Dallman*, we recently held that since the record did not contain any evidence that the petitioner's written waiver form was ever filed and made a part of the record in the petitioner's criminal case, the common pleas court did not comply with R.C. 2945.05, and the petitioner was entitled to a writ of habeas corpus.

{¶ 8} Similarly, in the case at bar, the record contains no evidence that Larkins's written waiver was ever formally filed and thereby made a part of the record in his criminal case. The common pleas court did not strictly comply with R.C. 2945.05.

{¶ 9} However, the dispositive issue is whether this failure to strictly comply with R.C. 2945.05 by failing to file stamp the written waiver and make it formally part of the record deprived the court of jurisdiction to conduct the bench trial of Larkins, entitling him to extraordinary relief in habeas corpus. We hold that extraordinary relief in the nature of habeas corpus is not warranted. The failure to strictly comply with R.C. 2945.05 under the circumstances here is neither a jurisdictional defect nor an error for which no adequate remedy at law exists.

Larkins could have raised the error in his direct appeal. See *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119.

{¶ 10} We now reexamine *Dallman* and *Tate* under these limited facts. These cases held that failure to comply with R.C. 2945.05 results in the trial court lacking subject-matter jurisdiction to proceed to try a criminal defendant without a jury.

{¶ 11} Section 4(B), Article IV of the Ohio Constitution, provides that "courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters *** as may be provided by law." While R.C. 2931.03 generally gives courts of common pleas "original jurisdiction of all crimes and offenses," courts have held that R.C. 2945.05 and 2945.06 must be read in context and that they regulate not only the procedure, but also the jurisdiction of the trial court.[1]

{¶ 12} However, a previous amendment to the statutory jury trial waiver provisions evinces an intent on the part of the General Assembly to limit the jurisdictional effect of a failure to strictly comply with R.C. 2945.05. G.C. 13442-5, the statutory predecessor to R.C. 2945.06, provided that, "[i]n any case where a defendant waives his right to trial by jury and elects to be tried by the judge of such court as provided in the next preceding section, any judge of the court in which such cause is pending *shall have jurisdiction* *** and shall proceed to hear, try and determine such cause in accordance with the rules, and in like manner as if such

---

1. See *State v. Fife*, (1954*)*, 100 Ohio App. 550, 551-552, 60 O.O. 419, 420, 137 N.E.2d 429, 431; *Winters v. Alvis* (1958), 106 Ohio App. 423, 7 O.O.2d 171, 152 N.E.2d 339 (writ of habeas corpus granted when, among other deficiencies, R.C. 2945.05's requirement that written waiver be filed was not satisfied); see, also, *State v. McCoy* (1969), 26 Ohio App.2d 62, 64, 55 O.O.2d 86, 87, 269 N.E.2d 51, 53 ("R.C. 2945.06 limits the court's jurisdiction to hear, try, and determine cases without a jury to those in which the right to trial by jury has been waived in harmony with R.C. 2945.05."); *State v. Smith* (1931), 123 Ohio St. 237, 240-241, 174 N.E. 768, 769-770 (jurisdiction of the trial court to hear a criminal case in the event of a criminal defendant's waiver of jury trial is fixed by G.C. 13442-4 and 13442-5, statutory predecessors to R.C. 2945.05 and 2945.06).

cause were being tried before a jury." (Emphasis added.) (115 Ohio Laws 530, 531.) In the Code Revision of 1953, R.C. 2945.06 deleted the "shall have jurisdiction" language from the text of the statute. While R.C. 2945.06 retained G.C. 13442-5's "Jurisdiction of judge when jury trial is waived" section heading, the statutory title, chapter, and section headings do not constitute any part of the law contained in the Revised Code. R.C. 1.01; *Cosgrove v. Williamsburg of Cincinnati Mgt. Co.* (1994), 70 Ohio St.3d 281, 284, 638 N.E.2d 991, 993.

{¶ 13} Of greater import is the express language of R.C. 2945.06, which conditions the trial judge's authority to proceed with a bench trial in those cases that "a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code." Larkins fulfilled this condition to the common pleas court's authority to hold a bench trial, by executing a written waiver of his right to a jury trial and electing to be tried by the court. The failure to strictly comply with R.C. 2945.05 by not filing the executed written waiver was not the result of Larkins's failure to properly waive his right to be tried by a jury and elect to be tried by the court. The evidence is uncontroverted that he did so. Instead, the failure to comply with R.C. 2945.05 was the result of an error on the part of the trial court to formally file the executed written waiver.

{¶ 14} Based on the foregoing, the failure to strictly comply with R.C. 2945.05 by failing to file a properly executed written jury trial waiver under these unique circumstances is not a jurisdictional defect and did not affect the trial court's authority to proceed with a bench trial. *Dallman* is partially distinguishable from the instant case since the written waiver was not physically placed in the record in that case, and since Dallman did not stipulate that he had waived his right to a jury trial but instead disputed whether the waiver had been made. *Tate* addressed the general issue of compliance with R.C. 2945.05 only in the context of a direct appeal. In addition, to the extent that they are inconsistent with our holding, we limit the holdings of *Dallman* and *Tate*. As Judge Gwin aptly noted in his

concurring opinion in the court of appeals below, a contrary holding would force the victims of Larkins's crimes "to suffer through a new trial more than eight years after the matter was closed." Neither the language of the pertinent statutes nor the applicable case law should be tortured to achieve such an inequitable result.

{¶ 15} Accordingly, the judgment of the court of appeals granting the writ of habeas corpus is reversed.

*Judgment reversed.*

DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.

_____

**WRIGHT, J., dissenting.**

{¶ 16} The majority holds that even though the trial court did not strictly comply with the jury trial waiver requirements set forth in R.C. 2945.05, the nature of its failure does not rise to the level of a jurisdictional defect capable of being redressed in a habeas corpus proceeding. Instead, the majority finds that the errors that occurred in this case were only capable of review on direct appeal. Because I cannot sanction ignoring or undermining important statutory protections that are designed to ensure that a defendant knowingly and intelligently waives his constitutional right to a trial by jury, I must respectfully dissent.

{¶ 17} The majority relies on an interpretation of R.C. 2945.06 which appears to be at war with its terms. The majority concludes that the failure to strictly comply with R.C. 2945.05 does not create a jurisdictional defect in appellee's bench trial.

{¶ 18} Section 4(B), Article IV of the Ohio Constitution provides the General Assembly with the authority to enact laws setting forth the jurisdiction of the courts of common pleas. R.C. 2945.06 provides the courts of common pleas with the jurisdiction to conduct bench trials in criminal cases: a court may conduct a bench trial where "a defendant waives his right to trial by jury and elects to be

6

tried by the court under section 2945.05 ***." R.C. 2945.05 provides *four* requirements for valid waiver of a defendant's right to a jury trial: "Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof."

{¶ 19} Even though R.C. 2945.05 explicitly sets forth *four* requirements for a valid waiver of a defendant's right to a jury trial, the majority construes R.C. 2945.06 as providing fewer and less rigorous requirements for purposes of providing a court with the jurisdiction to conduct a bench trial.[2] R.C. 2945.06 provides, in relevant part: "*In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code*, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury." (Emphasis added.) The above language, which the majority interprets as providing the only requirements for a valid waiver for purposes of a court's jurisdiction to conduct a bench trial, obviously refers to the *four* requirements set forth in R.C. 2945.05. In fact, the majority's reading of R.C. 2945.06 as setting forth independent requirements for a valid waiver makes little sense because the language of R.C. 2945.06 provides no insight as to what constitutes a valid waiver. Only R.C. 2945.05 provides any meaningful guidance as to what constitutes a valid waiver. Additionally, we have consistently held that statutes concerning the same subject matter must be read *in pari materia.* See, *e.g.,*

---

2. I am somewhat puzzled by the majority's conclusion that the 1953 amendment to the predecessor of R.C. 2945.06, which removed some jurisdictional language from the statute "evinces an intent on the part of the General Assembly to limit the jurisdictional effect of a failure to strictly comply with R.C. 2945.05." Indeed, the language which was removed over forty years ago seemed redundant, in that the clear purpose of R.C. 2945.06 is to set forth the jurisdiction of a court to conduct a bench trial following a jury trial waiver. If the General Assembly had acted with the intent the majority imparts to it, the legislature would have either deleted the reference to R.C. 2945.05 in R.C. 2945.06 or, more directly, modified the requirements of R.C. 2945.05. In so far as the General Assembly left the reference to R.C. 2945.05 and its requirements intact, I cannot agree with the majority's interpretation that the 1953 amendment shows that the General Assembly intended to limit the jurisdictional effect of a failure to strictly comply with R.C. 2945.05.

*United Tel. Co. of Ohio v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129, 1131, quoting *Johnson's Markets, Inc. v. New Carlisle Dept. of Health* (1991), 58 Ohio St.3d 28, 35, 567 N.E.2d 1018, 1025. In construing statutes together, we must give each a reasonable construction so as to give the proper force and effect to each statute. *Id.* Courts that have interpreted R.C. 2945.05 and 2945.06 have applied this analysis and held that a court's authority to conduct a bench trial depends upon the fulfillment of the *four* requirements for a valid waiver set forth in R.C. 2945.05. See, *e.g., State v. Smith* (1931), 123 Ohio St. 237, 174 N.E. 768 (interpreting the predecessors to R.C. 2945.05 and 2945.06); *State v. McCoy* (1969), 26 Ohio App.2d 62, 55 O.O.2d 86, 269 N.E.2d 51; *Lima v. Rambo* (1960), 113 Ohio App. 158, 17 O.O.2d 133, 177 N.E.2d 554; *Winters v. Alvis* (1958), 106 Ohio App. 423, 7 O.O.2d 171, 152 N.E.2d 339; *State v. Fife* (1954), 100 Ohio App. 550, 60 O.O. 419, 137 N.E.2d 429. In my view, the majority opinion simply provides *no* basis for departing from this well-reasoned interpretation.

{¶ 20} The majority's opinion also lacks a reasoned basis for overruling many years of case law by holding that the failure to file the jury trial waiver and make it part of the record does not create a jurisdictional defect. In 1979, after stressing the importance of the right to a trial by jury, we held that compliance with R.C. 2945.05 was an absolute prerequisite to a court's exercise of jurisdiction in a bench trial. *State v. Tate* (1979), 59 Ohio St.2d 50, 54, 13 O.O.3d 36, 38, 391 N.E.2d 738, 740. Less than a year ago, when faced with facts almost identical to those in the case before us, we followed *Tate* and held that even where a written waiver was executed, the failure to file the waiver and make it part of the record of the case deprived the trial court of jurisdiction to try the defendant. *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563. See, also, *State v. Harris* (1991), 73 Ohio App.3d 57, 596 N.E.2d 563. The reason for our jealous protection of a defendant's right to a trial by jury is simple. The right to a trial by jury is a fundamental tenet of our justice system. *United States v. Sharp* (C.A.6,

1993), 12 F.3d 605; *Scruggs v. Williams* (C.A.11, 1990), 903 F.2d 1430. As a result, courts should indulge every reasonable presumption against a waiver of that right. *Aetna Ins. Co. v. Kennedy* (1937), 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177. The requirements necessary for a valid jury trial waiver ensure that the defendant acts knowingly and intelligently in waiving this fundamental right. See *Minnesota v. Sandmoen* (Minn.App. 1986), 390 N.W.2d 419. Specifically, the requirements that the waiver be filed and made part of the record ensure that the waiver is actually executed and that this occurs at the proper stage in the proceedings. Furthermore, "[i]t is a fundamental principle that papers pertaining to the trial of a case can exist in only two ways: first, by an actual filing of the paper with the clerk of the trial court, and, second, by admission into the record during the course of a trial which then makes the paper an exhibit to the transcript of the proceedings." *Harris*, *supra*, at 62, 596 N.E.2d at 566. Because the jury trial waiver was neither filed with the clerk, nor made a part of the record in this case, it does not even "exist" for purposes of determining whether the appellee waived his right to a trial by jury. The majority advances no justifiable reason to support its decision to remove these two requirements from the list of those necessary for a court to have jurisdiction to conduct a bench trial.

{¶ 21} A final problem with the majority's opinion is that it leaves defendants, lawyers, and the courts of this state with no meaningful test for determining what errors with respect to jury trial waivers constitute jurisdictional defects. The majority simply states that the interpretation of R.C. 2945.05 enunciated in *Tate*, *supra*, and followed in *Dallman*, *supra*, does not apply under these "unique circumstances." In the place of the well-reasoned standard provided in R.C. 2945.05, we are left with only what might be termed a "substantial compliance" test for purposes of determining when a court has the jurisdiction to conduct a bench trial. This was precisely the type of test that we have previously rejected, in favor of a requirement of strict compliance. See *Tate*, *supra*.

Additionally, the majority's opinion, in essentially rewriting R.C. 2945.06 to remove the reference to R.C. 2945.05, embodies the very essence of judicial legislation. The Ohio Constitution provides the General Assembly with the authority to detail the jurisdiction of the courts of common pleas. By enacting R.C. 2945.05, the General Assembly clearly articulated the limits of that jurisdiction with respect to jury trial waivers. I believe our role is to apply statutes, not rewrite them. Applying R.C. 2945.05 and 2945.06 properly, the trial court's failure to file the waiver and make it part of the record deprived the court of the jurisdiction to conduct a bench trial in appellee's case.

MOYER, C.J., concurs in the foregoing dissenting opinion.

_____