The STATE of Ohio, Appellee,

v.

EDWARDS, Appellant.

[Cite as *State v. Edwards* (1995), 107 Ohio App.3d 783.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68930.

Decided Dec. 18, 1995.

784

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Dominic DelBalso* and *George Sadd,* Assistant Prosecuting Attorneys, for appellee.

*Donald Green,* Cuyahoga County Assistant Public Defender, for appellant.

---

PATTON, Chief Judge.

Defendant-appellant, Kelvin Edwards, appeals his conviction of having a weapon while under a disability in violation of R.C. 2923.13.

On September 16, 1994, Edwards was charged with aggravated murder in violation of R.C. 2903.02, kidnapping in violation of R.C. 2903.01, aggravated robbery in violation of R.C. 2911.01 and having a weapon while under a disability in violation of R.C. 2923.13. All four counts contained a firearm specification, and count four contained a violence specification.

Prior to the start of trial Edwards's attorney moved the court to waive the jury as to count four, which the trial court agreed to.

Edwards's first assignment of error states:

"I. A trial court has no jurisdiction to hear Kelvin Edwards' case because a written jury waiver was never signed or filed as part of the record as required under R.C. 2945.05."

Edwards maintains that the trial court lacked jurisdiction to hear his case because a written jury waiver was never signed or filed in the record. Specifically, Edwards claims that jury waivers require strict compliance with R.C. 2945.05 or the trial court is without jurisdiction to proceed to trial without a jury.

The following colloquy took place before the jury trial on counts one, two and three began.

"MR. D'ANGELO: Your Honor, one final thing. I would request the Court and move that we be permitted to try Count 4, having a weapon while under disability, we would like to waive a jury and try this count to this Court, for the reason that the defendant may not testify in this case, and if he elects not to testify, if we proceed with the jury on Count 4, his prior conviction would come out, and we feel that would adversely affect his rights to a fair trial by virtue of bringing out a prior conviction if he exercised his right not to testify as relates to the first three counts.

"THE COURT: Does the State have any position on that?

"MR. DELBALSO: No, the state has no objection, your Honor.

"THE COURT: All right. Very Well. Bring them out."

R.C. 2945.05 governs when a defendant may waive a jury. It states in pertinent part:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof."

The Ohio Supreme Court has held that there must be strict compliance with R.C. 2945.05 for there to be a waiver of a right to a jury trial. Where the record does not show strict compliance, the trial court is without jurisdiction to try the defendant without a jury. *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 262, 638 N.E.2d 563, 564–565.

In *Dallman, supra,* the Supreme Court held that since the record did not include any evidence that the petitioner's written waiver form was ever filed and made a part of the record in the petitioner's criminal case, the common pleas court did not comply with R.C. 2945.05, and the petitioner was entitled to a writ of habeas corpus.

In *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701, the petitioner signed a jury waiver and handed it to the trial judge. The trial judge placed the signed jury waiver in the file but failed to have it time-stamped. The court held that in a writ of habeas corpus proceedings the trial court's failure to strictly comply with R.C. 2945.05 by failing to file a properly executed written jury trial waiver under these unique circumstances was not a jurisdictional defect and did not affect the trial court's authority to proceed with a bench trial. *Id.* at 661, 653 N.E.2d at 703.

The court in *Baker, supra,* distinguished *Dallman, supra,* since Dallman did not stipulate that he had waived his right to a jury trial and there was no evidence in the record that Dallman signed a jury waiver.

■ The Criminal Rules and the Revised Code are satisfied by a *written* waiver, *signed* by the defendant and *filed* with the court, and made in open court. In the present case, there is no evidence in the record that Edwards signed a written waiver. In fact, the state conceded that Edwards's signed written waiver was not filed because it did not exist. Applying *Dallman, supra,* to the present case, we must find that the trial court did not have jurisdiction.

Since R.C. 2945.05 was not strictly complied with in this case, Edwards was denied his constitutional right to trial by jury. This is prejudicial error which requires us to reverse the judgment of the trial court and remand count four for a new trial. See *State v. Tate* (1979), 59 Ohio St.2d 50, 54, 13 O.O.3d 36, 38–39, 391 N.E.2d 738, 740.

Edwards's second assignment of error states:

"II. Appellant was sentenced to an illegal term of incarceration."

Edwards maintains that he was sentenced to an illegal term or incarceration. Specifically, Edwards claims that the maximum sentence he should have received was five years pursuant to R.C. 2929.11(B)(7), and he received a term of three to fifteen years.

This assignment of error is rendered moot by the disposition of Edwards's first assignment of error. App.R. 12(A)(1)(c).

The judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

DYKE, J., concurs.

O'DONNELL, J., concurs separately.

O'DONNELL, Judge, concurring.

I concur with the decision to reverse the appellant's conviction on the charge of having a weapon while under a disability together with the firearm specification and the violence specification. What is not made clear in the majority opinion is that the defendant's last-minute request to waive the jury as to count four permitted the defendant to shield his prior conviction from the jury during trial of the counts of murder, kidnapping, and aggravated robbery. The jury found the defendant not guilty of those charges but the trial judge convicted the defendant of the weapons under disability charge.

Now, for the first time, appellant challenges this conviction urging that the trial court lacked jurisdiction because no written waiver was ever signed, filed, or made part of the record in this case. Our court has previously considered similar issues in *State v. Billings* (Apr. 6, 1995), Cuyahoga App. No. 66829, unreported, in which we found the facts sufficiently different from *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563, such that *Dallman* was not controlling precedent.

The instant case however differs in that the record does not demonstrate any compliance with R.C. 2945.05, and thus the trial court had no jurisdiction to proceed. Accordingly, I agree that this conviction must be reversed and the matter remanded for further proceedings.