[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 645.]

THE STATE OF OHIO, APPELLEE, *v.* HAUGHT, APPELLANT.

[Cite as *State v. Haught*, 1996-Ohio-353.]

*Criminal law—Requirements for waiver of right to trial by jury—Absent strict compliance with R.C. 2945.05, trial court lacks jurisdiction to try defendant without a jury.*

(No. 95-1430—Submitted June 25, 1996—Decided October 16, 1996.)

APPEAL from the Court of Appeals for Summit County, No. 16848.

———————————

*Richard A. Schunk,* Tallmadge Law Director, for appellee.

*Timothy H. Champion* and *Richard J. Steinle*, for appellant.

———————————

**{¶ 1}** The judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings on the authority of *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766.

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY JJ., concur.

PFEIFER, COOK and STRATTON, JJ., dissent.

———————————

**COOK, J., dissenting.**

**{¶ 2}** I continue to adhere to my view expressed in *Larkins* and in the *Pless* dissent that jurisdiction of a court will not be affected by a missing form or a missing time-stamp on such form where the certified record of the court demonstrates that the defendant waived a jury trial as required by R.C. 2945.05. *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766. I would accord legal credence to all indicia of compliance so that a missing time-stamp would not dictate a conclusion that a waiver was not "filed."

PFEIFER and STRATTON, JJ., concur in the foregoing dissenting opinion.

_____

**STRATTON, J., dissenting.**

{¶ 3} The majority, following *State v. Pless* (1996), 74 Ohio St. 3d 333, 658 N.E. 2d 766, finds that failure to time-stamp a waiver of a jury trial in a criminal case divested the trial court of jurisdiction to conduct a bench trial due to a lack of strict compliance with R.C. 2945.05. Under the unique circumstances of this case, I would find that failure to time-stamp the waiver did not divest the court of jurisdiction to conduct a bench trial.

{¶ 4} In a criminal case, where the defendant is charged with a serious offense, in order for the defendant to waive his right to a jury trial, pursuant to R.C. 2945.05, the waiver must be (1) in writing, (2) signed by the defendant, (3) filed with the court, (4) made in open court, (5) made after the arraignment, and  (6) executed after the defendant has had an opportunity to meet with counsel. *State v. Jells* (1990), 53 Ohio St. 3d 22, 26, 559 N.E. 2d 464, 468.  A trial court lacks jurisdiction to try a defendant without a jury unless the waiver is in strict compliance with the provisions in R.C. 2945.05. *State v. Tate* (1979), 59 Ohio St. 2d 50, 13 O.O. 3d 36, 391 N.E. 2d 738; *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St. 3d 261, 638 N.E. 2d 563.

{¶ 5} This court has addressed the issue of the requirements for filing a waiver pursuant to R.C. 2945.05 in three recent cases.  In *State ex rel. Jackson v. Dallman,* supra, the waiver was not time-stamped and there was no evidence that it was filed or ever made part of the record.  Therefore, we granted the defendant's writ of habeas corpus, finding that the trial court did not have jurisdiction to hold a bench trial because of a failure to strictly comply with R.C. 2945.05. *Id.* at 263, 638 N.E. 2d at 565.

{¶ 6} In *State ex rel. Larkins v. Baker* (1995), 73 Ohio St. 3d 658, 653 N.E. 2d 701, the waiver was not time-stamped nor was it noted on the court's docket

sheet. However, the waiver was handed to the trial judge and was physically located in the court's file. Unlike *Dallman*, in *Larkins* we found that the waiver was "filed" for purposes of satisfying R.C. 2945.05, despite the absence of a time-stamp because there were special circumstances, *i.e.*, the waiver was handed to the judge and it was physically located in the court's file. Further, *Larkins* held that relief from a defective waiver should be sought through direct appeal rather than habeas corpus. *Id*. at 660, 653 N.E. 2d at 702. Accordingly, we held that under the "unique circumstances" of that case, the failure to strictly comply with R.C. 2945.05 was not a jurisdictional defect. *Id*. at 661, 653 N.E. 2d at 703.

{¶ 7} Most recently, in *State v. Pless* (1996), 74 Ohio St. 3d 333, 336, 658 N.E. 2d 766, 768, there was no evidence that the waiver was filed, nor was there any other evidence that the waiver was physically located in the court's file. In *Pless,* we found that the evidence indicated that the waiver was not "filed" pursuant to R.C. 2945.05, which was a jurisdictional defect. *Id*. at 339, 658 N.E. 2d at 770. Further, *Pless* limited *Larkins* to the sole proposition that a violation of R.C. 2945.05 is not the proper subject for habeas corpus relief. *Id*.

{¶ 8} I believe that a time-stamp is but one indicium that a pleading has been "filed" with the clerk's office. See *Tallmadge v. McCoy* (1994), 96 Ohio App. 3d 604, 605-607, 645 N.E. 2d 802, 803-804. The purpose of Crim. R. 23 and R.C. 2945.05 is to make sure there is a knowing and intelligent waiver of the defendant's right to a jury trial and that there is concrete evidence of such an important waiver. Although a waiver displaying a time-stamp may be the best evidence that it was filed, it is not the sole criterion upon which such a conclusion can be based.

{¶ 9} This case is distinguishable from *Pless* and *Dallman* because, here, there is other evidence that Haught's waiver was filed despite the fact that it was not time-stamped. Similar to *Larkins*, I would hold that in the rare instances where "unique circumstances" exist, the fact that a waiver is not time-stamped will not amount to a jurisdictional defect. I would define "unique circumstances" as reliable

evidence that the waiver is noted on the court's docket and that the waiver is physically located in the court's file. In such rare instances, the lack of a time-stamp from the clerk's office would not be a jurisdictional defect. I would further find that this limited exception applies to cases on direct appeal.

{¶ 10} In the case at bar, appellant, Glenn Haught, was charged with driving under the influence of alcohol, driving with a suspended license, leaving the scene of an accident, and failure to control. Haught pled not guilty to all charges. On May 26, 1994, the date of the trial, Haught executed a "Waiver of Trial to a Jury" pertaining to his case. The waiver was not time-stamped by the clerk's office. However, the waiver was physically located in Haught's court file and was noted on the court's docket as follows: "TRIAL: Waiver of Jury Trial signed by Defendant." Pursuant to the bench trial, Haught was found guilty on all counts and was convicted. Haught appealed the conviction, arguing that the court failed to obtain a written waiver of his right to a jury trial pursuant to Crim. R. 23.

{¶ 11} The record reflects that Haught's waiver was noted on the Cuyahoga Falls Municipal Court's criminal docket on May 26, 1994. Further, the waiver was physically present in Haught's case file in the Cuyahoga Falls Municipal Court. There is no denial by Haught that he signed the waiver. Haught merely seeks to have his conviction overturned on what is a meaningless technicality in this particular case.

{¶ 12} Therefore, pursuant to these unique circumstances, I would find that Haught's waiver of jury trial was filed for purposes of satisfying R.C. 2945.05, which would provide the trial court with jurisdiction to conduct a bench trial. To require that a time-stamp must have been imprinted on Haught's waiver for it to be deemed to be "filed" pursuant to R.C. 2945.05, despite the fact that there is other reliable evidence that the waiver was filed, is to improvidently place form over substance so as to work an injustice by requiring the court, witnesses, and attorneys

to expend time and resources to retry the case due to an irrelevant technicality. Accordingly, I dissent.

————————————