[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 112.]

THE STATE EX REL. LARKINS, APPELLANT, *v.* AURELIUS, JUDGE, APPELLEE.

[Cite as *State ex rel. Larkins v. Aurelius*, 1998-Ohio-661.]

*Mandamus to compel common pleas court judge to vacate relator's 1986 criminal convictions–Writ denied, when.*

(No. 98-1300–Submitted October 12, 1998–Decided December 9, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 74115.

_____

**{¶ 1}** In 1986, following a bench trial in the Cuyahoga County Court of Common Pleas, appellant, Ronald Larkins, was convicted and sentenced for aggravated murder, aggravated robbery, and attempted murder. The court of appeals affirmed the trial court's judgment on appeal.

**{¶ 2}** In 1995, the court of appeals granted Larkins a writ of habeas corpus. The court of appeals held that the trial court had failed to strictly comply with the jury trial waiver requirements of R.C. 2945.05 because there was no evidence that Larkins's written waiver had ever been filed and made a part of the record in his criminal case.

**{¶ 3}** On appeal, we reversed the judgment of the court of appeals and held that Larkins was not entitled to a writ of habeas corpus. *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701.

**{¶ 4}** In 1998, Larkins filed a complaint in the court of appeals for a writ of mandamus to compel appellee, Larkins's trial court judge, to vacate Larkins's 1986 convictions and sentence because of the trial court's failure to comply with R.C. 2945.05. The court of appeals subsequently granted appellee's motion for summary judgment and denied the writ.

**{¶ 5}** This cause is now before the court upon an appeal as of right.

_____

*Ronald Larkins, pro se.*

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Saleh S. Awadallah*, Assistant Prosecuting Attorney, for appellee.

———————————

***Per Curiam.***

**{¶ 6}** Larkins asserts that the court of appeals erred by denying the writ of mandamus to vacate his criminal convictions. For the following reasons, however, we find that Larkins's claims are meritless and affirm the judgment of the court of appeals.

**{¶ 7}** As the court of appeals correctly held, the failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction. *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus. A claimed violation of R.C. 2945.05 is not the proper subject for an extraordinary writ. See *Jackson v. Rose* (1997), 79 Ohio St.3d 51, 679 N.E.2d 684, 685.

**{¶ 8}** In addition, because Larkins essentially requests release from prison, mandamus will not lie. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463-464.

**{¶ 9}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————