Plaintiff-appellant, Ronald Larkins, appeals from a judgment of the Ohio Court of Claims granting the summary judgment motion of defendant-appellee, Ohio Department of Rehabilitation and Correction, and denying plaintiff's motion for summary judgment. Because the trial court properly concluded plaintiff had failed to demonstrate a genuine issue of material fact precluding judgment for defendant on plaintiff's false imprisonment claim, we affirm.
On February 2, 1998, plaintiff filed a complaint in the Ohio Court of Claims seeking money damages against defendant for false imprisonment beginning in 1986. Specifically, although plaintiffs complaint admits he was guilty of various felonies which resulted in his imprisonment in 1986, he alleges the trial court lacked jurisdiction to conduct a bench trial in the 1986 proceedings because plaintiff's waiver of a right to a jury trial was never filed as required by R.C. 2945.05.
On March 9, 1998, plaintiff filed a summary judgment motion in support of his complaint for false imprisonment; defendant not only responded to plaintiffs motion, moved for summary judgment. Following plaintiff's response to defendant's summary judgment motion, the Court of Claims granted defendant's motion for summary judgment, noting plaintiff had failed to comply with the procedural requisites of R.C. 2743.48. Moreover, finding plaintiff is being held pursuant to a valid order by the sentencing court, the Court of Claims found plaintiff had failed to establish a prima facie case for wrongful imprisonment. Plaintiff appeals, assigning the following errors:
 "I. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FINDING THAT PLAINTIFF HAD NOT SATISFIED THE JURISDICTIONAL REQUIREMENT PURSUANT TO R.C. 2743.48.
 "II. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FINDING THAT PLAINTIFF IS BEING HELD PURSUANT TO A VALID ORDER BY THE SENTENCING COURT."
Because plaintiff's second assignment of error disposes of the appeal, we address it first. "False imprisonment occurs when a person confines another intentionally ' "without lawful privilege and against his consent within a limited area for any appreciable time, however short.' " Feliciano v. Kreiger
(1977), 50 Ohio St.2d 69, 71, 4 O.O. 3d 158, 159,362 N.E.2d 646, 647, quoting 1 Harper James, The Law of Torts (1956) 226, Section 3.7." Bennett v. Ohio Dept. of Rehab. Corr.
(1991), 60 Ohio St.3d 107, 109. However, "an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear[s] such judgment or order is void." Id.
at 111, citing Brinkman v. Drolesbaugh (1918), 97 Ohio St. 171, paragraphs five and six of the syllabus and Johns v. State
(1981), 67 Ohio St.2d 325, paragraph one of the syllabus, certiorari denied (1982), 455 U.S. 944; Tymcio v. State (1977),52 Ohio App.2d 298, 303.
Plaintiff's false imprisonment claim is premised on the trial court's lacking jurisdiction to convict him by bench trial of various felonies in 1986. Plaintiff contends that because his written waiver of jury form was never filed in the underlying action, the court was without jurisdiction under State v. Pless
(1996), 74 Ohio St.3d 333, to find him guilty and sentence him. Asserting that the judgment of the trial court in 1986 thus is void, plaintiff seeks compensation for his allegedly false imprisonment.
Following a bench trial in the Cuyahoga County Court of Common Pleas, the trial judge in October 1986 found plaintiff guilty of aggravated murder, aggravated robbery, and attempted murder. The trial court sentenced plaintiff to life imprisonment. In October 1994, plaintiff filed a petition for writ of habeas corpus in the Fifth District Court of Appeals, contending the trial court lacked jurisdiction to conduct a bench trial because his written waiver of his right to a jury trial was never filed or made part of the case record.State ex rel. Larkins v. Baker (1995), 73 Ohio St.3d 658.
In actuality, prior to the start of his bench trial, plaintiff executed a written waiver of his right to a jury trial and handed the waiver to the trial judge. Indeed, the common pleas court, however, filed an entry in October 1986 stating that plaintiff had waived in writing his right to a trial by jury. Although the written waiver was located physically in the case file, it nonetheless did not bear any time stamp to indicate that it had been filed. Similarly, docket sheets in the criminal case did not reflect that any jury trial waiver had been filed.
On January 18, 1995, the Fifth District Court of Appeals granted plaintiff's request for writ of habeas corpus, determining that the trial court had failed to strictly comply with R.C. 2945.05 because no evidence indicated that plaintiff's written waiver of his right to jury trial had ever been filed and made part of the record in the criminal action. In reversing, the Supreme Court acknowledged prior decisions which held that in the absence of strict compliance with R.C.2945.05, the trial court generally is without jurisdiction to conduct a bench trial of the defendant. See State ex rel.Jackson v. Dallman (1994), 70 Ohio St.3d 261; State v. Tate
(1979), 59 Ohio St.2d 50. Moreover, in plaintiff's case, the court found that the record contains no evidence that Larkins' written waiver was ever formally filed and thereby made a part of the record in his criminal case. The common pleas court did not strictly comply with R.C. 2945.05. Larkins, supra, at 660.
Nonetheless, the court found the dispositive issue is whether this failure to strictly comply with R.C. 2945.05 by failing to file stamp the written waiver and make it formally part of the record deprived the court of jurisdiction to conduct the bench trial of Larkins, entitling him to extraordinary relief in habeas corpus. We hold that extraordinary relief in the nature of habeas corpus is not warranted. The failure to strictly comply with R.C. 2945.05 under the circumstances here is neither a jurisdictional defect nor an error for which no adequate remedy at law exists. Larkins could have raised the error in his direct appeal." Id. (Emphasis added.)
In distinguishing Dallman and Tate, the court stated that the failure to strictly comply with R.C. 2945.05 was not the result of Larkins' failure to properly waive his right to be tried by a jury and elect to be tried by the court, as the uncontroverted evidence indicated he did so. Instead, the failure to comply with R.C. 2945.05 was the trial court's error in failing to formally file the executed writ and waiver. InDallman, by contrast, the written waiver was not physically placed in the record in that case, and indeed Dallman disputed whether the waiver had ever been made. Tate, on the other hand, addressed the general issue of compliance with R.C. 2945.05
only in the context of a direct appeal. Given those distinctions, the Supreme Court found that "the failure to strictly comply with R.C. 2945.05 by failing to file a properly executed written jury waiver trial under these unique circumstances is not a jurisdictional defect and did not affect the trial court's authority to proceed with a bench trial." Id.
at 661. (Emphasis added.)
Plaintiff nonetheless relies heavily on the Supreme Court's opinion in State v. Pless, supra, where the court stated that although "Larkins seemingly created an exception to the rule that failure to strictly comply with R.C. 2945.05 deprives a court of jurisdiction to try a criminal defendant without a jury, the sole proposition for which Larkins stands is that aviolation of R.C. 2945.05 is not the proper subject for habeascorpus relief. Id. at 339. (Emphasis sic.) Plaintiff's reliance on Pless is misplaced. The Supreme Court went on to distinguishLarkins by noting that the facts in Pless involved a direct appeal from a criminal conviction and contained no evidence that the appellant's signed jury waiver form was ever included in the trial court's case file. Moreover, the court noted that "in an attempt to reconcile Tate, Dallman and Larkins, we hold that the failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction." Id. at 339.
Given the foregoing, we are unable to agree with plaintiff that the Supreme Court reversed his habeas corpus relief "on other grounds." In his case, the Supreme Court specifically held that his case did not present a "jurisdictional defect and did not affect the trial court's authority to proceed with a bench trial." Larkins, supra, at 661. Because the trial court had jurisdiction to proceed, plaintiff fails in his contention that the trial court's judgment in the underlying criminal action is void. Absent a void judgment, plaintiff's claim for false imprisonment in these circumstances fails. Bennett v.Ohio Dept. of Rehab. Corr., supra.
For the foregoing reasons, plaintiff's second assignment of error is overruled, rendering his first assignment of error moot. App. R. 12. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and KENNEDY, J., concur.