OPINION
{¶ 1} Petitioner-appellant, Roderick Rideau, appeals a decision of the Warren County Court of Common Pleas, dismissing his petition for a writ of habeas corpus. We affirm the trial court's decision.
 {¶ 2} In 1997, appellant was convicted by the Montgomery County Court of Common Pleas of a single charge of aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(9). He was sentenced accordingly. Both the conviction and sentence were affirmed on appeal. See State v.Rideau (Feb. 26, 1999), Montgomery App. No. 17002. He subsequently filed a petition for postconviction relief which was denied. This decision was affirmed on appeal. See State v. Rideau, Montgomery App. No. 18624, 2001-Ohio-1536. He next filed an application for writ of habeas corpus, which was dismissed by the trial court[1] on several procedural grounds. This decision was affirmed on appeal. See Rideau v. Russell
(Apr. 23, 2001), Warren App. No. CA2000-07-065.
 {¶ 3} On September 5, 2001, appellant filed a second application for writ of habeas corpus with the trial court. He argued, inter alia, that the trial court which convicted him lacked jurisdiction because the record does not contain a written jury waiver as required by R.C. 2945.05. The trial court dismissed appellant's contention, finding that this error could only be remedied on direct appeal, not through a petition for habeas corpus. Appellant appeals, raising a single assignment of error:
 {¶ 4} "THE TRIAL COURT PATENTLY LACKED JURISDICTION, AND THE COURT BELOW'S [SIC] RULING AMOUNTS TO DENYING PETITIONER ANY REMEDY AT ALL."
 {¶ 5} A writ of habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate legal remedy. State ex rel. Pirman v. Money,69 Ohio St.3d 591, 593, 1994-Ohio-208. In the present case, appellant argues that the trial court lacked jurisdiction to proceed with a bench trial because a written jury waiver was not made part of the record.
 {¶ 6} R.C. 2945.05 mandates that a waiver of the right to trial by jury must be made in writing, signed by the defendant, filed in the criminal action and made part of the record. In the absence of strict compliance with R.C. 2945.05, a trial court is without jurisdiction to conduct a bench trial of the defendant. See State ex rel. Jackson v.Dallman, 70 Ohio St.3d 261, 1994-Ohio-235; State v. Tate (1979),59 Ohio St.2d 50, syllabus.
 {¶ 7} However, where the record, as here, shows the trial court's reference to the defendant having waived the right to a jury trial, but a written waiver was never made part of the record, the failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from the criminal conviction. State v. Pless, 74 Ohio St.3d 333, 1996-Ohio-102, paragraph two of the syllabus; State ex rel. Larkins v. Baker,73 Ohio St.3d 658, 661, 1995-Ohio-144. The failure to strictly comply with R.C. 2945.05 does not entitle a defendant to extraordinary relief in habeas corpus. Id.
 {¶ 8} In the present case, the trial court failed to strictly comply with R.C. 2945.05 as a review of the record reveals that no written waiver was ever formally filed or made a part of the record. However, the failure to strictly comply with R.C. 2945.05 under these circumstances is neither a jurisdictional defect nor an error for which no adequate remedy exists at law. See id. Appellant could have raised the error in his direct appeal. See Larkins at 660, citing State ex rel.Keenan v. Calabrese (1994), 69 Ohio St.3d 176. "[A] violation of R.C.2945.05 is not the proper subject for habeas corpus relief." Pless at 339, citing Larkins. Accordingly, the assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] Appellant is an inmate at the Lebanon Correctional Institution, located in Warren County, Ohio.