OPINION
{¶ 1} Defendant-appellant, Dek Mohamed Issa, appeals from a judgment of the Franklin County Municipal Court, finding him guilty of one count of criminal damaging.
 {¶ 2} Appellant was charged in case No. 2004 CRB 017653 with one count of criminal damaging, in violation of R.C. 2909.06, and one count of disorderly conduct, in violation of Columbus City Code 2317.11(A)(1). Appellant was also charged with one count of criminal damaging in case No. 2004 CRB 018906.
 {¶ 3} Both cases were tried before the court on April 7, 2005. At the close of the state's case, the court sustained appellant's Crim.R. 29 motion as to the criminal damaging charge in case No. 2004 CRB 018906. Following the presentation of all the evidence in case No. 2004 CRB 017653, the court found appellant guilty of criminal damaging, but not guilty as to the disorderly conduct charge.
 {¶ 4} On appeal, appellant sets forth the following single assignment of error for review:
THE TRIAL COURT LACKED JURISDICTION TO TRY THE DEFENDANT WITHOUT A JURY WHEN THE DEFENDANT NEVER WAIVED HIS RIGHT TO A JURY TRIAL IN WRITING.
 {¶ 5} In his sole assignment of error, appellant contends that the trial court lacked jurisdiction to try him where the record does not show he waived his right to a jury trial in writing.
 {¶ 6} R.C. 2945.05 provides, in part, that, in all pending criminal cases, "the defendant may waive a trial by jury and be tried by the court without a jury." Such waiver must "be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." Id.
 {¶ 7} In construing the above statutory provision, the Ohio Supreme Court has held that "[e]ven in petty offense cases where a defendant properly demands a jury trial, `it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury.'" Stateex rel. Jackson v. Dallman (1994), 70 Ohio St.3d 261, 262, quoting State v. Tate (1979), 59 Ohio St.2d 50, syllabus. Further, "where the record does not reflect strict compliance, the trial court is without jurisdiction to try the defendant without a jury." Dallman, at 262.
 {¶ 8} The state concedes on appeal that the requirements of R.C. 2945.05 were not met. A review of the record indicates that, while a trial judge signed a jury waiver form, appellant's signature does not appear on the form. Accordingly, we agree with appellant's contention that the trial court's exercise of jurisdiction was in error.
 {¶ 9} Based upon the foregoing, appellant's single assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
Petree and McGrath, JJ., concur.