OPINION
The appellant, Roger D. Staton, appeals from his conviction in the Butler County Court of assault in violation of R.C. 2903.13.
The defendant was formally charged on November 5, 1996. His counsel filed a written jury demand and a written not guilty plea on November 13, 1996. On November 8, 1996, the defendant's counsel filed a discovery demand on the State of Ohio for information pursuant to Crim.R. 16. On November 13, 1996, defendant's counsel filed an additional discovery demand seeking more information from the State of Ohio. On January 29, 1997, the defendant filed a request that the alleged victim, Ronald Dickson, submit to a noninvasive physical examination.
On the same date, the defendant filed a motion to compel the State to produce the discovery he had requested on November 8, 1996. Specifically, the defendant sought a photograph taken of the alleged victim at the McCullogh-Hyde Memorial Hospital but which was not released to the State because a release of that medical record had not yet been obtained from the alleged victim. On January 29, 1997 defendant's counsel filed a motion for a continuance until February 12, 1997 to complete discovery.
On January 30, 1997, the State of Ohio filed its answer to the defendant's request for discovery pursuant to Crim.R. 16. On the same date, the State filed its request for discovery from the defendant. On February 3 and February 11, 1997 the defendant filed his responses to the State's discovery demands. On February 12, 1997, the Court ordered the victim to submit to a physical examination on February 20, 1997.
On February 12, 1997, the defendant moved for a continuance to "prepare for trial" until April 7, 1997.
On March 19, 1997, the State moved to continue the trial date of April 7, 1997 because the victim was going to be out of the country from March 31, 1997 until April 7, 1997. The Court granted the State's motion and reset the trial for May 5, 1997. On April 28, 1997 defendant's attorney filed a jury waiver containing his signature but not that of the defendant. On May 5, 1997, the matter proceeded as a bench trial and the defendant was found guilty as charged by the trial judge. On July 23, 1997, the defendant filed a pro se motion to dismiss the charge against him alleging that he had been denied his statutory rights to a speedy trial. The trial court overruled the dismissal motion and sentenced the defendant. From that judgment appellant has timely appealed.
In his first assignment of error, appellant contends the trial court erred in placing the defendant on trial without a jury. We agree.
In State v. Pless (1996), 74 Ohio St.3d 333, the Ohio Supreme Court held that where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. The court held that absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. (State v. Tate (1979), 59 Ohio St.2d 50, and State ex rel. Jackson v. Dallman (1994), 70 Ohio St.3d 261, construed and applied). The State argues the trial court did not err in conducting a bench trial under the "unique circumstances" of this case. The State argues that since the defendant is a lawyer who actively participated in his bench trial, he knowingly and voluntarily waived his right to a jury trial.
The record does support the State's contention that the defendant who is an attorney acted as his own counsel throughout much of the trial proceedings. In Dallman, supra, the record established that the defendant signed a written waiver of his right to a jury trial but the form was never filed and never made part of the record in the criminal case.
In State ex rel. Larkins v. Baker (1995), 73 Ohio St.3d 658,653 N.E.2d 701, the Ohio Supreme Court limited the holdings of Tate and Dallman. In Larkins, Ronald Larkins appeared in open court and signed a written waiver of his right to trial by jury. The signed waiver form was placed in the trial court's case file, but was not filed of record with the clerk of courts. Following a bench trial, Larkins was convicted of aggravated murder, aggravated robbery, and attempted murder. Thereafter, Larkins filed a petition for habeas corpus in the court of appeals. The court of appeals granted the writ, finding that the trial court had failed to strictly comply with R.C. 2945.05, since there was no evidence that Larkin's written waiver form had ever been formally filed and made a part of the record in the criminal case.
In Larkins, supra, the Supreme Court reversed the judgment of the court of appeals, holding that "a writ of habeas corpus will not lie where a criminal defendant has waived his right to a jury trial by executing a written waiver, where the waiver is handed to the trial judge and placed in the court's case file, but is not file stamped." (Emphasis added). Id. At 659,653 N.E.2d at 702. In Larkins, the Court found that the trial court's failure to strictly comply with R.C. 2945.05 did not amount to a jurisdictional defect under the "unique circumstances" of the case. Id. At 661, 653 N.E.2d at 703.
Justice Douglas noted at pages 339 and 340 of Pless, Although Larkins seemingly created an exception to the rule that failure to strictly comply with R.C. 2945.05 deprives a court of jurisdiction to try a criminal defendant without a jury, the sole proposition for which Larkins stands is that a violation of R.C.2945.05 is not the proper subject for habeas corpus relief. Moreover, the "unique circumstances" of Larkins are not present in the case at bar. First, Larkins is distinguishable on the basis that the case at bar involves a direct appeal from a criminal conviction. Second, the record before us contains no evidence that appellant's signed jury waiver form was ever included in the trial court's case file. Here appellant voluntarily signed a written jury waiver form in open court and in the presence of his trial attorneys. The trial court issued an entry specifically acknowledging that appellant had, in fact, waived his right to trial by jury. However, we find that there was a failure to strictly comply with R.C. 2945.05, since there is no evidence that appellant's signed waiver form was ever filed and made part of the record in this case. Therefore, applying the rationale of Tate and Dallman, we are compelled to find that the three-judge panel had no jurisdiction to try and convict appellant on any of the charges alleged in the indictment.
* * *
We are aware that our decision today might not be well received. Appellant is a brutal killer and there is no question concerning his culpability in the slaying of Sherry Lockwood. However, the requirements of R.C. 2945.05 are clear and unambiguous, and we are constrained to enforce the statute as written. If we were to ignore this statute, as some would have us do, then, henceforth, no clear and unambiguous statute would be safe from a "substantial compliance" interpretation.
Four justices joined Justice Resnick's reluctant concurrence in Pless wherein she stated that R.C. 2945.05 does not provide for substantial compliance. The waiver, she noted must be (1) in writing, (2) signed by the defendant, (3) filed in said cause, and made part of the record of the case. Pless, supra, at 340. Additionally, the waiver must be executed by the defendant in open court after he has a chance to consult with counsel. R.C.2945.05. The record in this case fails to demonstrate that the defendant signed the required written waiver in open court as mandated by law.
The first assignment of error is sustained.
In his second assignment of error, the appellant contends the trial court erred in overruling his motion to dismiss the charge against him because he was denied a speedy trial as required by R.C. 2945.71. This assignment has not been rendered moot by our resolution of the first assignment, since a favorable ruling on this assignment would entitle the appellant to a discharge. See, R.C. 2945.73(B). The latter statute provides that upon motion made at or prior to commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code. A claim of a violation of R.C. 2945.71 must be raised by motion prior to or at the commencement of trial. State v. Thompson (1994), 97 Ohio App.3d 183; also, State v. Dumas (1990), 68 Ohio App.3d 174. In this case, the defendant did not assert that his speedy trial rights were violated until after his trial was over. As such, he has waived his right to assert this claim in this court.
Additionally, the Ohio Supreme Court has held that a defendant's attorney may waive the statutory right to a speedy trial on behalf of the defendant. State v. O'Brien (1987),34 Ohio St.3d 7, 9 and State v. McBreen (1978), 54 Ohio St.2d 315, syllabus.
Defendant-appellant argues in his second assignment of error that the trial court erred in not granting his motion to dismiss based on an alleged violation of his speedy trial rights. The time in which an accused shall be brought to trial is set forth in O.R.C. 2945.71. According to O.R.C. 2945.71(B)(2), a defendant shall be brought to trial within ninety (90) days after service of summons when the offense charged is a misdemeanor of the first degree. The time requirement established in O.R.C.2945.71 is subject to the extensions provided in O.R.C. 2945.72, which states in relevant part: "[t]he time within which an accused must be brought to trial . . . may be extended only by the following: . . . (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; . . . (H) The period of any continuance granted on the accused's own motion. . . ."
This Court has held on a number of occasions that the speedy trial limit is tolled by a defendant's request for discovery until the State responds to the request. See State v. Prather, 1995 Ohio App. LEXIS 2905 (July 10, 1995), Brown App. No. CA94-08-010, unreported; and State v. Jones, 1996 Ohio App. LEXIS 4596 (October 21, 1996), Warren App. No. CA95-12-122, unreported.
In this case the defendant was served by summons on November 5, 1996, and he was brought to trial on May 5, 1997. Three days after summons was served on him, the defendant filed a discovery demand which discovery by the defendant was not completed until February 20, 1997 when the physical examination of the victim was conducted. Continuances sought by the defendant tolled the period from January 29 until April 7, 1997. The court continued the trial date of April 7 until May 5, 1997 for good cause demonstrated. In short, the State clearly met the speedy trial requirements of R.C. 2945.71. The second assignment is overruled.
In his third assignment of error, appellant contends the judgment of the trial court is against the manifest weight of the evidence and is not supported by substantial, credible evidence. The manifest weight assignment has been rendered moot by our resolution of the appellant's first assignment of error, as even if he were successful in prevailing under this part of the assignment, we would be required to remand this matter to the trial court for a new trial. State v. Thompkins (1997), 78 Ohio St.3d 380.
The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v. Thompkins, supra, at syllabus 2. A reversal based on insufficiency of the evidence shields the defendant from retrial because it means no rational fact finder could have voted to convict the defendant. Tibbs v. Florida (1982), 457 U.S. 31, 45; State v. Thompkins, supra, at 387. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against the defendant would support a conviction. Cook, concurring, State v. Thompkins, supra, at 390.
A rational trier of fact could have found the defendant guilty of assault based on the testimony of the victim, Ronald R. Dickson. The third assignment of error is overruled.
In his fourth and fifth assignments of error, appellant contends the original trial judge erred by assigning the case against him to a judge not chosen according to the County Court's own rules and to a partial and biased judge. He also contends the trial court improperly sentenced him. Both of these assignments are clearly mooted by our resolution of the first assignment of error. See App. R. 12.
The judgment of the trial court is Reversed and this matter is Remanded to the trial court for further proceedings in accordance with law.
WOLFF J., and FAIN, J., concur.
Brogan, J., Wolff, J., and Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), of the Ohio Constitution.