Appellant Eugene Kertes is appealing the decision of the Tuscarawas County Court of Common Pleas that found him guilty of one count of aggravated arson. The following facts give rise to this appeal.
In 1992, appellant and his wife, Dorothy Kertes, purchased two laundromat businesses from J G Enterprises. J G Enterprises retained ownership of the buildings. Following the purchase of the laundromats, the parties experienced problems in the landlord/tenant relationship. Disagreements existed over changes in a new lease, late or unpaid rent, bad checks and untimely payment of utility bills.
On October 1, 1997, Dorothy Kertes went to the office of her insurance agent to pay the quarterly premium on the casualty insurance for the laundromats. Dorothy Kertes wrote a check post dated October 2, 1997. She repeatedly questioned the office staff whether there would be coverage even though the check was post dated. Appellant's insurance agent assured Dorothy Kertes that the casualty insurance would continue.
The next day, October 2, 1997, at 4:40 a.m. in the morning, Dover Police Officer J.R. Biddle saw smoke through the front window of appellant's Dover laundromat. Fire fighters determined natural gas was filling the building. The fire was eventually extinguished and fire fighters, the Dover Police, and an assistant state fire marshall began investigating the cause of the fire. They soon discovered six separate fires had been set in the building. Four of these fires were located in concealed service passageways behind the gas dryers. The perpetrator removed caps from the half-inch gas line connections to each dryer and the escaping gas ignited. The perpetrator also set fire to a pile of debris in the storage room. The sixth fire occurred when part of the gas connection to the main boiler was removed and ignited.
The investigators found no forced entry into the laundromat. Officer Biddle found the front door unlocked and the back door secured from inside. The Dover Police contacted Mrs. Kertes, by phone, informed her of the fire and requested that appellant come to the scene. Appellant allegedly was not home, at the time of the phone call, and failed to contact police or fire officials that day.
Appellant eventually appeared at the Dover Fire Station on October 6, 1997, four days after the fire. Appellant spoke to assistant state fire marshall Bob Davis. Mr. Davis informed Police Captain Joe Ball that appellant appeared to have a reddened face and bruises or burns on his lips. Mr. Davis also noted that appellant's full head of hair was not singed. Detective Ball knew appellant was bald. Further investigation revealed that appellant began wearing a red toupee around the time of the fire.
After consultation with the county prosecutor, Dover Police obtained a search warrant to lift appellant's toupee and examine his head for evidence of burns. A physician examining appellant's head discovered multiple second degree burns over his scalp, ears and other parts of his head which were consistent with burns caused by a natural gas fire. Appellant claimed he received these injuries in an auto accident he was involved in a couple of days before the fire.
On November 5, 1997, the Tuscarawas County Grand jury indicted appellant on charges of aggravated arson and insurance fraud. This matter proceeded to trial on May 14, 1998. Prior to the commencement of trial, appellant waived his right to a jury. Following the presentation of the state's case, the trial court entered an acquittal on the insurance fraud charge. After the conclusion of closing arguments, the trial court took this matter under consideration and found appellant guilty of the charge of aggravated arson. The trial court sentenced appellant to four years incarceration in a state penal institution.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THERE WAS INSUFFICIENT EVIDENCE TO LINK EUGENE J. KERTES AS THE PERSON WHO SET THE FIRE.
II. THERE WAS AN INVALID WAIVER OF A JURY TRIAL.
 I
Appellant claims, in his first assignment of error, there was insufficient evidence to establish he set the fire at the laundromat. We disagree.
On review for sufficiency of the evidence, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v.Jenks (1991), 61 Ohio St.3d 259. We find the evidence presented, at trial, supports appellant's conviction for aggravated arson.
In support of this assignment of error, appellant cites to the fact that friction existed between himself and Gene Rosenberry, one of the partners who co-owned the building where the laundromat was located. Appellant also refers to the trial testimony of his daughter, Dixie Kertes. She testified that appellant received the burns in the auto accident he was involved in a couple of days before the fire.
We find overwhelming evidence points to appellant's involvement in the fire. We begin by noting the suspicious behavior of Dorothy Kertes when she paid the quarterly premium on her casualty insurance for the laundromat and her concern that the insurance would lapse because the check was post dated one day. Second, the fact that there was not a forced entry into the laundromat on the day of the fire and the vending machines showed no evidence of tampering. Third, appellant's reluctance to meet with officials investigating the fire. Fourth, about an hour after the fire, Gene Rosenberry saw appellant in an automobile, observing the scene from some distance. Finally, the burns to appellant's scalp, ears and other parts of his head also point to his involvement in the fire.
We find this evidence, if believed, would support a conviction. Therefore, appellant's conviction for aggravated arson is supported by the sufficiency of the evidence.
Appellant's first assignment of error is overruled.
 II
Appellant claims, in his second assignment of error, the waiver of his right to a jury trial was not valid. We disagree.
R.C. 2945.05 addresses the waiver of a jury trial and provides, in pertinent part:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. * * *
In reviewing this assignment of error, we must determine whether the trial court strictly complied with the above statute. State ex rel. Jackson v. Dallman (1994), 70 Ohio St.3d 261,262. In the case of State v. Pless (1996), 74 Ohio St.3d 333, paragraph one of the syllabus, the Ohio Supreme Court held that the requirements of R.C. 2945.05 must be strictly complied with or the trial court lacks jurisdiction to try the defendant without a jury.
In support of this assignment of error, appellant maintains the waiver of his right to a jury trial was not voluntary because he did not have his reading glasses and was unable to read the waiver form. Our review of the record indicates the trial court discussed this matter with appellant extensively. See Tr. at 3-11. The trial court explained to appellant his right to a jury, the jury's function, the procedure for selecting and instructing a jury, the requirement of a unanimous verdict, the possibility of a mistrial due to a hung jury, and the range of sentences upon conviction. Tr. at 3-8. Appellant indicated he understood the trial court's explanation of his right to a jury trial and waived that right. Tr. at 10. Appellant also signed a written waiver of his right to a jury trial.
Accordingly, we find appellant validly waived his right to a jury trial.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES