JOURNAL ENTRY AND OPINION
In 1985, the court found petitioner Risto Bekovich guilty of murder and felonious assault. We affirmed the conviction on direct appeal in State v. Bekovich (Apr. 21, 1986), Cuyahoga App. Nos. 50058 and 50068, unreported. In September 1996, petitioner filed a petition for postconviction relief in which he claimed that (1) trial counsel had been ineffective for failing to interview an eyewitness whom petitioner claimed would have exonerated him and (2) there had been no signed and journalized waiver of a jury trial. The court denied both claims, first finding the ineffective assistance of counsel claim barred by res judicata and, second, finding the requirement of a signed and filed jury waiver did not apply at the time of petitioner's trial. Petitioner's assignments of error challenge these rulings.
 I
The first assignment of error complains the court erred by finding both claims barred by res judicata. Petitioner maintains both claims contained matters outside the record and thus could not have been raised on direct appeal. The third assignment of error complains the court should have conducted a hearing on the petition.
A detailed statement of the facts is contained in our previous opinion in State v. Bekovich. For present purposes, it will suffice to say that petitioner and a co-defendant were found guilty of murdering the victim by beating him with a tire jack and a baseball bat during a brawl. In his petition, petitioner claimed that, prior to trial, he told defense counsel a man named Thornton observed the brawl and would testify that petitioner did not have a weapon in his hands other than a folding chair he used to fend off the victim. Thornton stated in his affidavit that he had been driving down the street when he saw petitioner and a man named Adkins engaging in "a verbal altercation." He parked his car and saw petitioner's co-defendant and a fourth man fighting. By this time, petitioner and Adkins were "throwing punches at each other." Adkins broke away, ran to his car and returned with a car jack that he began swinging at petitioner. Petitioner fled into a nearby store and emerged with a folding chair that he used as a shield to ward of blows from the car jack. Ducking beneath one of the swings, petitioner managed to grab Adkins and punch him repeatedly with his fist until he knocked Adkins to the ground. Petitioner then walked away and saw his co-defendant pummeling Adkins with the baseball bat. Petitioner said, "what are you doing man?" but the co-defendant continued to beat Adkins with the baseball bat until he stopped and ran away with petitioner. Thornton stated he did not see petitioner strike Adkins with anything other than his fists; that he had not been contacted by anyone prior to trial; and that he would have been, and is currently willing to testify regarding this matter.
The court assumed that trial counsel failed either to interview or subpoena Thornton as requested, but nonetheless found petitioner's claim necessarily meant that at the conclusion of his trial he was aware that counsel failed to do so. Consequently, the court found petitioner could have raised the matter on direct appeal.
Principles of res judicata apply to bar from consideration on postconviction relief any claim that was or could have been raised on direct appeal. See State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The exception to res judicata is when a petitioner presents evidence outside the record that was not in existence and not available to the petitioner in time to support a direct appeal. State v. Cole (1982), 2 Ohio St.3d 112, 114.
Petitioner's claim that counsel failed to interview an exculpatory witness falls outside the record on direct appeal. Petitioner may well have known about counsel's failure to interview witnesses by the conclusion of his trial, but that knowledge does not make the issue one for direct appeal. There was nothing in the record on direct appeal to substantiate petitioner's claim of ineffective assistance of counsel. Had the issue been raised, this court would have had to look beyond the record on appeal in order to consider the issue. This would violate the rule that direct appeals are limited solely to matters appearing on the record. SeeState v. Ishmail (1978), 54 Ohio St.2d 402. Hence, we disagree with the court's finding that petitioner could have raised the matter of counsel's failure to interview a witness on direct appeal.
Nevertheless, the court addressed the merits of the ineffective assistance of counsel issue, and we agree with the court that petitioner failed to show a reasonable probability that but for counsel's actions the results of the trial would have been different.
A claim of ineffective assistance of counsel must establish that counsel's representation fell below an objective standard of reasonable representation and that the representation prejudiced the client. See State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. The prejudice prong of the ineffective assistance of counsel test requires the defendant to show a reasonable probability that the result of trial would have been different — that is, the defendant must present facts sufficient to undermine our confidence in the outcome of trial.Bradley, 42 Ohio St.3d at 142.
The state mistakenly urges us to disregard the substance of Thornton's affidavit on grounds that "there is no evidence to indicate that trial counsel did not interview or subpoena Thornton." See Appellee's Brief at 19. Thornton's affidavit clearly shows otherwise, as he states "[p]rior to now, no one has even asked me anything about this incident." Even the court "assumed as much for this discussion." We therefore find petitioner presented evidence that counsel failed to interview Thornton.
We do, however, agree with the court that Thorton's affidavit does not call into question the court's verdict to the point where it undermines our confidence in the outcome. Aside from the blanket statement that petitioner did not have anything to do with Adkins' death (a claim made by other defense witnesses), Thornton's version would have added (1) there was only one car jack used during the fight and that a tire iron flew off the car jack and broke the store window and (2) Adkins did not lose possession of the car jack itself until petitioner overpowered him.
These points were not so crucial that there is a reasonable probability they would have undermined the outcome of trial. Significantly, our previous opinion noted the trial judge considered finding petitioner guilty of voluntary manslaughter, but decided on a verdict of murder "after reviewing the testimony of all the witnesses who said you beat this young man with that tire iron on the head, and looking at the caved in forehead, I could not find you guilty of anything less than murder." We further noted that "several witnesses testified to [petitioner's] active participation in the beating of Adkin [sic] before and after Adkins was lying on the ground. * * * [Petitioner] knocked Adkins to the ground and while Adkins was on the ground kicked Adkins immediately before [the co-defendant] struck Adkins the fatal blows with the baseball bat." The testimony of the several state witnesses would not likely have been overcome by Thornton's claims — claims which even contradicted those of other defense witnesses. On the whole, we see no probability, much less a reasonable probability, that the outcome of trial would have been different had Thornton testified.
We likewise find the court did not err by refusing to conduct a hearing on the petition for postconviction relief. An evidentiary hearing is warranted only when the supporting affidavits, the documentary evidence and records demonstrate sufficient operation facts to establish grounds for relief. See State v. Calhoun
(1999), 86 Ohio St.3d 279, paragraph two of the syllabus. Petitioner's failure to provide sufficient facts to show a reasonable probability that the outcome of trial would have been different obviated the need for hearing. The first and third assignments of error are overruled.
 II
The remaining assignments of error challenge the court's refusal to apply the jurisdictional rule set forth in State v.Pless (1996), 74 Ohio St.3d 333, that requires all signed waivers of a jury trial to be filed in the trial court. The court's findings of fact and conclusions of law conceded that the case file "does not contain a signed, written waiver form." The court nonetheless ruled that Pless may only be applied on direct appeal from a criminal conviction, and that petitioner's current claim, coming more than ten years after his direct appeal, must be considered waived for postconviction purposes.
The Pless syllabus states:
 1. In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. (State v. Tate [1979], 59 Ohio St.2d 50, 13 Ohio Op. 3d 36, 391 N.E.2d 738, and State ex rel. Jackson v. Dallman [1994], 70 Ohio St.3d 261, 638 N.E.2d 563, construed and applied.)
 2. The failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction. (State v. Tate [1979], 59 Ohio St.2d 50, 13 Ohio Op. 3d 36, 391 N.E.2d 738; State ex rel. Jackson v. Dallman [1994], 70 Ohio St.3d 261, 638 N.E.2d 563; and State ex rel. Larkins v. Baker [1995], 73 Ohio St.3d 658, 653 N.E.2d 701, harmonized.)
We considered the same issue raised by petitioner in State v.Munici (July 16, 1998), Cuyahoga App. No. 73666, unreported. We stated:
 However, the Pless court went on to say that "the failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction." Pless at 339, 658 N.E.2d 766. See also, State v. Haliym (Mar. 12, 1998), Cuyahoga App. No. 72411, unreported. In his petition for post-conviction relief, Munici argues a violation of R.C. 2945.05. Therefore, his remedy was available only through a direct appeal of his conviction. Since the issue of the jury waiver was not raised during his direct appeal, the doctrine of res judicata applies to bar his claim for post-conviction relief. See State v. Szefcyk (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233. ("Res judicata bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or action, or on an appeal from that judgment.")
See, also, State v. Haliym (Mar. 12, 1998), Cuyahoga App. No. 72411, unreported.
Petitioner incorrectly claims that Munici and Haliym are "non-controlling authority" and that this court "has not addressed the issue of whether a defendant may raise [a Pless] claim in a petition for post-conviction [relief]." Both Munici and Haliym
directly addressed the issue whether a Pless claim can be raised in postconviction proceedings and, with citation to paragraph two of the syllabus to Pless, held that a Pless claim cannot be raised in postconviction proceedings, but only on direct appeal.
The remainder of petitioner's arguments relate to the inherent unfairness of limiting a jurisdictional challenge to direct appeal. Petitioner correctly notes that the postconviction statute, R.C.2953.21(A), permits a person convicted of a criminal offense to ask the court to vacate the conviction on grounds that the conviction is void or voidable. Ordinarily, a petitioner for postconviction relief is not precluded by res judicata where the claim is that the conviction is void for lack of subject matter jurisdiction. Statev. Wilson (1995), 73 Ohio St.3d 40, 46, fn.6. Even though thePless holding states that a trial court "lacks jurisdiction" to try a defendant without a jury when there is not strict compliance with the jury waiver statute, petitioner claims the Supreme Court cannot abridge a right granted by the General Assembly — the right to challenge a void or voidable conviction through the postconviction relief statute.
"The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law." Peerless Elec. Co. v. Bowers (1955),164 Ohio St. 209, 210; see, also, State v. Lazzaro (1996),76 Ohio St.3d 261, 265. The Supreme Court decided Pless in 1996, some eleven years after petitioner's trial. The court's findings of fact and conclusions of law concede that the file does not contain a signed, written waiver form, so the retroactive application ofPless would require a finding that the court lacked jurisdiction to try petitioner without a jury.
Ordinarily, one would think that Pless's restriction on jurisdiction would be a matter that could be raised at any time. But the jurisdiction referred to by Pless is neither subject matter nor personal jurisdiction as traditionally construed — it is a third form of jurisdiction called "jurisdiction of the particular case." State v. Swiger (1998), 125 Ohio App.3d 456, 464. Swiger
made the distinction between an act that goes beyond a court's statutory authority (trying a person without a jury) and pure subject matter jurisdiction to hear a cause (jurisdiction over criminal proceedings ab initio). In fact, Swiger not only referred to the same kind of jury waiver issue raised in this case, but it noted that this third form of jurisdiction must impliedly exist because the a holding that a common pleas court lacks jurisdiction to try a defendant without a jury without first fulfilling the prerequisites of R.C. 2945.05 could not be reconciled with the court's holding that the waiver issue could only be raised on direct appeal.
Because of this different classification of jurisdiction, it becomes apparent that the Supreme Court did not infringe upon the General Assembly's prerogative to establish a remedy in the postconviction statute by requiring Pless claims to be brought on direct appeal. The remaining assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., MICHAEL J. CORRIGAN. J., CONCUR.
 _________________________ JOHN T. PATTON, JUDGE