OPINION
Defendant-appellant Fredrick A. Campbell appeals from the judgment of the Municipal Court of Zanesville, Ohio, that found him guilty of one count of aggravated menacing.
 STATEMENT OF THE FACTS AND CASE
Appellant-Defendant Fredrick A. Campbell [hereinafter Appellant] was charged with one count of aggravated menacing, in violation of Zanesville City Ordinance 537.05. Appellant was arraigned on January 20, 2000, and entered a plea of not guilty. On January 21, 2000, Appellant filed a written jury demand. On April 4, 2000, the case was tried to the court, without a jury. By Judgment Entry filed April 6, 2000, Appellant was found guilty by the court and sentenced to a period of twenty days of incarceration in the Zanesville Municipal Jail, fined $200.00 and ordered to pay costs. It is from the conviction and sentence that Appellant appeals, raising the following assignment of error:
 THE VERDICT AND SENTENCE OF THE TRIAL COURT SHOULD BE OVERTURNED BY THIS HONORABLE COURT FOR REASON THAT THE APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS TO A TRIAL BY JURY WERE VIOLATED.
In his sole assignment of error, Appellant argues that when a defendant files a timely demand for a jury trial in the trial court, the jury demand cannot be withdrawn except in writing, signed by the defendant. We agree. R.C. 2945.05 addresses the waiver of a jury trial and provides, in pertinent part: In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. . . . Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. . . .
In reviewing this assignment of error, we must determine whether the trial court strictly complied with the above statute. State ex rel. Jackson v. Dallman (1994), 70 Ohio St.3d 261, 262, 638 N.E.2d 563. In the case of State v. Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus, the Ohio Supreme Court held that the requirements of R.C. 2945.05 must be strictly complied with or the trial court lacks jurisdiction to try the defendant without a jury. Appellant filed a timely, written jury demand. No written signed waiver was filed and made a part of the record, and yet, Appellant was tried to the court, without a jury. Accordingly, we must reverse the judgment of conviction and remand this cause to the trial court for further proceedings according to law.
Appellant's sole assignment of error is sustained.
By Reader, V.J. Hoffman, P.J. and Farmer, J. concur.