JOURNAL ENTRY and OPINION
On August 22, 2000, the applicant Abdul Haliym, formerly known as Wayne Frazier, pursuant to App.R. 26(B), applied to reopen this court's judgment in State v. Frazier (Jan. 22, 1990). Cuyahoga App. No. 54771, unreported, which affirmed his convictions for two counts of aggravated murder, attempted murder, two counts of aggravated robbery, and aggravated burglary, together with his death sentence. On September 20, 2000, the State of Ohio filed its brief in opposition. For the following reasons, this court denies the application.
On the evening of March 25, 1987, Mr. Haliym, his brother Michael Frazier, and a friend Derek Evans went to the apartment of Marcellus Williams. Mr. Williams' girlfriend, Joann Richards, her seven-year-old son Albert Richards, her infant, and another friend Derek Speights were also in the apartment. After talking and taking drugs, Mr. Evans initiated the robbery during which Joann Richards and Mr. Williams were stabbed to death and Mr. Speights was nearly stabbed to death.
Shortly before trial, Mr. Haliym waived his right to a jury, as evidenced by an August 13, 1987 journal entry in which the court recorded that Mr. Haliym was in open court with counsel, was fully advised of his constitutional and statutory rights, and elected to be tried by a three-judge panel. At trial, Mr. Speights and Albert Richards testified that Mr. Haliym participated in the robbery. and murders.[1] Mr. Haliym maintained his innocence and said that he tried to stop the murders.
After the court sentenced him to death, Mr. Haliym pursued (1) a direct appeal, (2) an appeal to the Supreme Court of Ohio, (3) a petition of certiorari to the United States Supreme Court, and (4) a R.C. 2953.21
postconviction petition with appeals. When he endeavored to bring a federal habeas corpus action, the federal court stayed proceedings to allow him to bring this application for reopening on the grounds of ineffective assistance of appellate counsel. Throughout these proceedings, Mr. Haliym has filed or tried to file his own pro se briefs.
Mr. Haliym essentially raises two arguments: (1) the three-judge panel did-not have jurisdiction to try him because the jury waiver statute, R.C. 2945.05, was not fulfilled and because there is insufficient evidence that he knowingly, intelligently and voluntarily waived his right to a jury trial; and (2) his trial counsel was ineffective because he committed a plethora of errors, including failure to interview witnesses, failure to examine Albert Richards' prior statements, failure to challenge Albert Richards' identification of Mr. Haliym, failure to challenge Mr. Haliym's custodial statements, failure to obtain expert witnesses, and failure to put the entire trial, including jury waiver, pre-trial conferences, competency hearing and arraignment, on the record.
App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The August. 2000 application was filed ten years and seven months after this court's decision; thus, the application is untimely on its face. To show good cause, Mr. Haliym submits that he did not know of the remedy, that his lawyers never told him about it, and that his impaired mental abilities prevented him from learning and using the remedy. However, ignorance of the law is no excuse. State v. Klein
(Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481;State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v.Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, unreported, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, unreported, reopening disallowed (Dec. 5, 1995), Motion No. 66164.
Nor is reliance on one's attorneys sufficient to show cause. State v.Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, unreported, reopening disallowed (Jan. 16, 1997). Motion No. 75838, and State v.Russell (May 9, 1996), Cuyahoga App. No. 69311, unreported, reopening disallowed (Jun. 16, 1997), Motion No. 82351; Cf. State v. Wilson
(1997), 80 Ohio St.3d 132, 684 N.E.2d 1221. In addition, this court does not find Mr. Haliym's claim of mental impairment arising from a gunshot to the head sufficient to show good cause for waiting for over ten years to file an application. He submitted his own pro se brief to this court arguing sufficiency of the indictment and his own mental status. In hispro se brief to the Supreme Court of Ohio, he argued, inter alia, insufficient evidence, allied offenses of similar import, failure to record all proceedings, ineffective assistance of trial counsel, improper weighing of aggravating factors, and cumulative error. The ability to argue such issues reveals the ability to discover App.R. 26(B) and form an argument; thus, he does not show good cause. Untimeliness alone is sufficient to dismiss the application.
Furthermore, res judicata properly bars this application. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Resjudicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In State v. Murnahan
(1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the supreme court ruled thatres judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
In the present case, the Supreme Court of Ohio thoroughly reviewed appellant's pro se arguments and rejected them. State v. Frazier (1991),61 Ohio St.3d 247, 257, 574 N.E.2d 246. This court has consistently held that such appeals bar claims of ineffective assistance of appellate counsel based on the principles of res judicata. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, unreported, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, reopening disallowed (Aug. 8, 2000), Motion No. 16647; and State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, unreported, reopening disallowed (May 31, 2000), Motion No. 15241. Moreover, Mr. Haliym's postconviction petition argues both the jury waiver issue and ineffectiveness of trial counsel, including the vast majority, if not all, of the subissues thereunder. The petition even included a claim of ineffective assistance of appellate counsel. The application of the doctrine in this case would not be unjust.
Mr. Haliym does not establish a genuine issue that his appellate counsel were ineffective. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen (1996), 77 Ohio St.3d 172, 672 N.E.2d 638.
Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
Appellate counsel in the exercise of reasonable professional judgment could conclude in 1989 that the jury waiver issue was no stronger than the other fourteen assignments of error raised in the brief. The August 13, 1987 journal entry confirming for the record that Mr. Haliym, after being advised of his rights, waived his right to a jury trial posed a substantial hurdle to the success of the argument. Counsel could conclude, based on the authority at that time, that such an argument would elevate form over substance. Furthermore, appellate counsel could not and should not be held responsible for the developments of the law through the State ex rel. Jackson v. Dallman (1994), 70 Ohio St.3d 261,638 N.E.2d 563 line of cases. This court has repeatedly held that appellate counsel before 1994 were not deficient for not raising the jury waiver issue on similar facts as in the present case. State v. Munici
(Nov. 30 1987), Cuyahoga App. No. 52579, unreported, reopening disallowed (Aug. 21, 1996), Motion No. 68671; State v. Parnell. (Sept. 5, 1995), Cuyahoga App. No. 68254, unreported, reopening disallowed (Sept. 18, 1998), Motion No. 93631; and State v. Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 68671. Finally, the Supreme Court of Ohio in State v.Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, has ruled that the jury waiver issue may be raised only in a direct appeal and not in a postconviction remedy such as an App.R. 26 (B) application to re-open.[2]
Indeed, this court has already rejected Mr. Haliym's jury waiver claim on that basis. State v. Haliym (Mar. 12, 1998), Cuyahoga App. No. 72411, unreported.
Next, Mr. Haliym submits that his appellate counsel should have argued that his trial counsel was ineffective for failing to investigate, to file motions to suppress, to obtain expert witnesses and to record all parts of the trial. On direct appeal, his appellate counsel raised two assignments of error arguing ineffective assistance of trial counsel: first, that counsel was ineffective during the guilt phase by impeaching Mr. Haliym's credibility when, during cross-examination, counsel elicited testimony from an investigating police officer who opined that Mr. Haliym's accounts were incredible and untruthful; and second, that counsel was ineffective during the penalty phase by introducing incriminating and inflammatory material such as reports that stated Mr. Haliym had previously participated in the killing of two other people, failed to show remorse, was a danger to any community into which he would be released, and failed to show any intention of correcting his drug problem.
In the exercise of reasonable professional judgment, appellate counsel could conclude that arguing what trial counsel did do was stronger than arguing what trial counsel could have done. Furthermore, Mr. Haliym has not established prejudice. His current counsel's conclu-sory and often speculative statements on what would have happened if trial counsel had done this investigation or filed that motion are not persuasive and do not establish that the outcome of the trial probably would have been different.
Finally, Mr. Haliym tries to establish prejudice and ineffectiveness of appellate counsel by arguing that the failure to raise these arguments on direct appeal prevents the federal courts from now considering them on habeas corpus because of waiver. This is not persuasive. The criteria for determining effective assistance of appellate counsel is independent from the procedural rules governing federal habeas corpus. Appellate counsel must necessarily exercise his or her best judgment in evaluating arguments, discarding weak ones, and presenting the strongest case to the court. That duty must be exercised regardless of what federal habeas procedural law has been, is or will be. Preserving frivolous arguments does not serve justice. Similarly, prejudice is established by showing that the outcome of the case would have been different, not that an argument has been waived.
Accordingly, this court denies the application to reopen.
DIANE KARPINSKI, A.J. and PATRICIA A. BLACKMON, J. CONCUR.
[1] During the police investigation, Mr. Haliym revealed the places where the stolen property and the knives were located.
[2] The Supreme Court of Ohio in S.Ct.R. 11(2)(A)(4)(b) has recognized the App.R. 26(B) application to reopen as a postconviction remedy.